CARUSO, APPELLEE, *v.* ALUMINUM COMPANY OF AMERICA, APPELLANT, ET AL.

[Cite as Caruso *v.* Aluminum Company of America (1984), 15 Ohio St. 3d 306.]

(No. 84-13—Decided December 31, 1984.)

*Charles S. Tricarichi Co., L.P.A., Mr. Charles S. Tricarichi* and *Ms. Carla M. Tricarichi,* for appellee.

*Baughman & Associates Co., L.P.A.,* and *Mr. Richard Davies,* for appellant.

SWEENEY, J. The only issue properly before this court is whether R.C. 4123.68(Y) is unconstitutional as it applies to a claimant seeking compensation for a silicosis-related death that occurred prior to January 1, 1976 but more than eight years after the decedent's work-related exposure to substances known to cause silicosis. We decide this issue with reference to R.C. 4123.68(Y) as it read at the time that plaintiff filed her claim in 1976.[3]

It is clear that the effect of R.C. 4123.68(Y), as applied to the plaintiff herein, is to preclude compensation for any silicosis-related death occurring more than eight years after "injurious exposure," which in this case is decedent's work-related exposure to silica dust.[4] The plaintiff's husband worked for ACA as a grinder and welder of aluminum castings. While performing these jobs, Mr. Caruso allegedly was exposed to silica dust on a regular basis, but he apparently did not exhibit any symptoms of silicosis until nine years and six months after his retirement from ACA. Because Mr. Caruso's disability and death did not occur "within eight years after * * * [his] last injurious exposure," his widow's claim for death benefits was denied.

In the past, we have had occasion to scrutinize other statutes that tie a claimant's eligibility for certain types of compensation to the date that the claimant's decedent died. In *State, ex rel. Nyitray, v. Indus. Comm.* (1983), 2 Ohio St. 3d 173, we struck down a statutory prerequisite that effectively deprived a decedent's dependents of accrued workers' compensation benefits simply because the decedent had died "too soon," *i.e.,* before he had a chance to cash the check that had been issued as compensation for his work-related disability. In *Kinney* v. *Kaiser Aluminum & Chemical Corp.* (1975), 41 Ohio St. 2d 120 [70 O.O.2d 206], a case that is strikingly similar to the case *sub judice,* we struck down a statutory limitation that denied death benefits to the dependents of a worker who had died "too late," *i.e.,* more than the statutory limit of three years after suffering a work-related injury that ultimately caused his death.

In *Kinney* and in *Nyitray,* we applied a test wherein the legislation in question "could be upheld if it was shown that the statutory prerequisites

---

[3] An amendment to R.C. 4123.68(Y), which became effective on January 1, 1976, added the provision that "* * * [the] eight-year [post-exposure] limitation shall not apply to disability or death occurring after January 1, 1976 * * *." This provision had no effect on the plaintiff's claim in the instant case because plaintiff's decedent died *prior* to 1976. We apply R.C. 4123.68(Y) as amended on January 1, 1976, however, because this amendment became effective before the plaintiff's time for filing her claim had expired under the earlier version of R.C. 4123.68(Y). (Pursuant to the version of R.C. 4123.68[Y] in effect in 1975 [136 Ohio Laws, Part I, 1194, 1326], plaintiff had six months after her husband's death on November 2, 1975 to file her claim for benefits. The January 1, 1976 amendment occurred within this six-month period.) See *State, ex rel. Venys,* v. *Indus. Comm.* (1950), 153 Ohio St. 238 [41 O.O. 250].

[4] The legislature has recognized silica dust as being the cause of silicosis. R.C. 4123.68(Y).

[to compensation] were rationally related to the accomplishment of some state objective at least as important as the purpose contained in the Constitution [Section 35, Article II] and reflected in the statute." *Nyitray, supra,* at 176. We will apply this same test to the instant case.

The appellant ACA posits that, when the eight-year limitation on silicosis claims was first enacted in 1945 as part of G.C. 1465-68a, the forerunner of R.C. 4123.68(Y), two rational bases existed for this limitation. The first of these bases was that "the state of medical knowledge was such that the legislature felt that symptoms of silicosis could manifest themselves within an eight year period." In other words, the legislature felt that it was likely that any silicosis claim filed more than eight years after exposure to silica dust was either fraudulent or the result of exposure subsequent to employment. Under the *present* state of medical knowledge, it is clear that there is no longer any rational relationship between the eight-year limitation period and the prevention of fraudulent or non-work-related claims. Silicosis can, and does, manifest itself more than eight years after exposure to silica dust. Also, silicosis can now be diagnosed with far greater accuracy than was possible in 1945, which makes the risk of a fraudulent silicosis claim no greater than that for any other type of injury or disease claim.

The second basis for the eight-year limitation, as posited by the appellant, was that "the legislature wanted to avoid putting a serious financial drain on the Workers' Compensation Fund." Not only is it now clear that silicosis claims arising more than eight years after "injurious exposure" will not cause a serious financial drain on the Workers' Compensation Fund, but "[the legislative goal of] conserving funds is not a viable basis for denying compensation to those entitled to it." *Nyitray, supra,* at 177.

Based on the foregoing, it is beyond dispute that the constitutional and statutory objective[5] of providing compensation to the dependents of workers, who have died as a result of silicosis contracted in the course of their employment, far outweighs any objective served by the eight-year limitation period set forth in R.C. 4123.68(Y). The appellant, nonetheless, would have us uphold the eight-year limitation because it had a rational basis when it was first enacted in 1945, and because this court approved an even shorter silicosis limitation period in *State, ex rel. Lourin,* v. *Indus. Comm.* (1941), 138 Ohio St. 618 [21 O.O. 490], when it addressed the constitutionality of G.C. 1465-68a. In response to these arguments we note only that each law's constitutionality is not cast in stone at the time of the

---

[5] Section 35, Article II of the Ohio Constitution states that one objective of the workers' compensation system is to compensate dependents of employees "for death * * * occasioned in the course of such * * * [employee's] employment."

R.C. 4123.68(Y) clearly evinces the intention to compensate employees and their dependents for disability or death resulting from silicosis contracted from exposure to silica dust during the course of employment.

law's enactment; nor is a law once found to be constitutional forever free from judicial scrutiny.

*Lourin* was decided at a time when medical knowledge regarding silicosis was limited and the viability of the workers' compensation system was in doubt. Today, available medical knowledge tells us that silicosis can manifest itself well beyond the magical eight-year, post-exposure period. The workers' compensation system is in no danger of collapse, and compensating those silicosis victims who contracted the disease more than eight years after exposure to silica dust certainly will not place an undue burden upon the system. For these reasons, the denial of death benefits to an otherwise qualified claimant, solely on the ground that such claimant's decedent did not contract silicosis until more than eight years after his last work-related exposure to silica dust, is an unconstitutional deprivation of the right to equal protection under the Constitutions of Ohio and of the United States.

Accordingly, *State, ex rel. Lourin,* v. *Indus. Comm., supra,* is overruled, and the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., FORD, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs in the syllabus and judgment only.

LOCHER, J., concurs in the judgment only.

FORD, J., of the Eleventh Appellate District, sitting for W. BROWN, J.