THE STATE, EX REL. LEWIS, APPELLANT, *v.* DIAMOND FOUNDRY COMPANY; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Lewis, *v.* Diamond Foundry Co. (1987), 29 Ohio St. 3d 56.]

(No. 86-615—Decided April 1, 1987.)

*Michael J. Muldoon,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson, Jeffrey W. Clark* and *Merl H. Wayman,* for appellee.

*Per Curiam.* Appellant first urges that the commission abused its discretion in denying him temporary total disability compensation because all the evidence revealed that he was not able to return to his former position of employment.

With respect to evaluation of the evidence, it is only necessary to consider the medical report of Dr. Mario R. Brezler, a pulmonary specialist who examined appellant on October 1, 1981. Dr. Brezler in his report first noted: "I have reviewed all the claimant's chart, especially the reports by Dr. Daneshvari and Dr. Kravitz as well as Mr. Hollis' (industrial hygienist's) comprehensive report. I obtained essentially a similar work history as was mentioned previously."[1] He further stated:

"I believe that history, physical examination, radiological findings, resting pulmonary function test and stress test do confirm the diagnosis of simple silicosis which has not produced any significant disability judging by the amount of work achieved on the stress tests, performed both at my office and at Dr. Daneshvari's office.

"I believe that claimant showed clear-cut evidence of simple silicosis which is occupationally related and has had some minimal residual abnormalities noted on the resting pulmonary function test. However, patient is neither partially nor totally disabled from it. Rather, his disability is entirely unrelated to his occupational exposure (i.e., blindness, which hampered him in his activities to conduct his former job as a truck driver). The presence of a positive PPD places patient in a high risk category. It is well known that patients with previous exposure to silicosis have an enhanced susceptibility to the development of tuberculosis. Therefore, he should be carefully followed up with sputum examinations, at regular intervals."

The examination report of Dr. Brezler reflected his awareness of appellant's former position of employment and the duties thereof. There can be no doubt that Dr. Brezler's finding of neither partial nor total disability[2] related to appellant's ability to return to his former position of employment. Dr. Brezler attributed disability only to appellant's visual problems and specifically stated that such disability was unrelated to the occupational exposure. There is no contention here that there was any allowance for a claim pertaining to visual problems.

Dr. Brezler's examination constituted some evidence supporting the commission's denial of temporary total disability. Any doubt that the plurality *per curiam* opinions in *State, ex rel. Rouch,* v. *Eagle Tool & Machine Co.* (1986), 26 Ohio St. 3d 197, 26 OBR 289, 498 N.E. 2d 464, and *State, ex rel. Brady,* v. *Indus. Comm* (1986), 28 Ohio St. 3d 241, 28 OBR

---

[1] The reports of Drs. Daneshvari and Kravitz, as well as the report of the industrial hygienist, all recognized that a part of appellant's former employment included shaking and cleaning of casts, thereby exposing him to silica dust.

[2] The disability assessment should more precisely have been in terms of impairment. See *Meeks* v. *Ohio Brass Co.* (1984), 10 Ohio St. 3d 147, 10 OBR 482, 462 N.E. 2d 389.

322, 503 N.E. 2d 173, failed to express the majority view of this court as to the viability of the some evidence rule should be erased by the concurrence of four justices in *State, ex rel. Elliott,* v. *Indus. Comm.* (1986), 26 Ohio St. 3d 76, 26 OBR 66, 497 N.E. 2d 70, which stated:

"* * * Because the commission's decision was supported by some evidence, no basis for mandamus is extant and we are compelled to affirm the judgment of the court of appeals in denying the requested writ." *Id.* at 79, 26 OBR at 68, 497 N.E. 2d at 72.

For his second contention, appellant challenges, on equal protection grounds, the constitutionality of that portion of R.C. 4123.68(Y) which reads in pertinent part:

"Compensation and medical, hospital, and nursing expenses on account of silicosis, asbestosis, or coal miners' pneumoconiosis are payable only in the event of temporary total disability, permanent total disability, or death * * *."

Appellant argues that the absence of "total disability" in his case is no rational basis for precluding him from receiving medical benefits inasmuch as his silicosis condition has been recognized by the commission.

Initially, we find that appellant's reliance on *Caruso* v. *Aluminum Co. of America* (1984), 15 Ohio St. 3d 306, 15 OBR 436, 473 N.E. 2d 818, is misplaced. *Caruso* dealt only with that portion of R.C. 4123.68(Y) which established an eight-year statute of limitations after the last injurious occupational exposure. In finding such eight-year limitation to be without rational basis, this court stated at 310, 15 OBR at 439, 473 N.E. 2d at 821:

"* * * [A]vailable medical knowledge tells us that silicosis can manifest itself well beyond the magical eight-year, post-exposure period.* * *"

Further, *State, ex rel. Buckeye Internatl., Inc.,* v. *Indus. Comm.* (1982), 70 Ohio St. 2d 200, 24 O.O. 3d 294, 436 N.E. 2d 533, expressly rejected the constitutional equal protection challenge to the identical portion of R.C. 4123.68(Y) that is here questioned. In following *Buckeye Internatl.,* we observe that, while the requirements under R.C. 4123.68(Y) of total disability or death are used as a condition for medical benefits entitlement, R.C. 4123.57(D) authorizes benefits for partial disability under circumstances which support the medical advisability of an occupational change substantially decreasing the employee's exposure to silica dust, asbestos, or coal dust (and the occupational change is in fact made). The provisions of R.C. 4123.68(Y) and 4123.57(D) demonstrate rational bases for affording employees compensation and medical benefits for differing degrees of disability resulting from the occupational disease of silicosis.

For reason of the foregoing, the judgment of the court of appeals, denying the writ of mandamus, is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.