DECISION
{¶ 1} Relator, Daniel P. Wright, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which denied relator's application for temporary total disability ("TTD") compensation, and ordering the commission to find that relator is entitled to that compensation.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C), and Section (M), Loc.R. 12 of the Tenth District Court of Appeals. The magistrate issued a decision containing findings of fact and conclusions of law with the recommendation that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) No objections have been filed to that decision.
 {¶ 3} As there have been no objections filed to the magistrate's decision, and as it contains no error of law or other defect on its face, and based on an independent review of the file, this court adopts the magistrate's decision.
 {¶ 4} Relator's request for a writ of mandamus is denied.
Writ of mandamus denied.
PETREE, P.J., and BROWN, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 IN MANDAMUS {¶ 5} Relator, Daniel P. Wright, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for temporary total disability ("TTD") compensation and ordering the commission to find that relator is entitled to that compensation.
Findings of Fact:
 {¶ 6} 1. Relator sustained a work-related injury on October 18, 1999, and his claim has been allowed for "lumbar sprain; lumbosacral disc degeneration."
 {¶ 7} 2. Relator began treating with Atul Goswami, M.D., who originally identified contusion of lumbar strain and probable prolapsed disc. In a letter dated July 20, 2000, Dr. Goswami recommended that relator's claim be allowed for degenerative intervertebral discs at L4, L5 and S1. In a letter dated October 22, 2001, Dr. Goswami indicated that the October 18, 1999 injury exacerbated relator's pre-existing lumbar strain, and that although the prior medical records indicate that relator had exacerbated chronic back pain, the actual diagnosis should be lumber sprain. Furthermore, due to the fact that relator had pain radiating down his legs, Dr. Goswami indicated the claim should be amended to include aggravation of pre-existing displaced disc at L4-5 and the L5-S1 levels. On the application for TTD compensation, Dr. Goswami indicated that the condition which was currently rendering relator temporarily and totally disabled was lumber disc displacement with an ICD-9 code of 722.10.
 {¶ 8} 3. Relator's April 9, 2002 motion for TTD compensation was heard before a district hearing officer ("DHO") on May 29, 2002. At the hearing, relator verbally amended his request for TTD compensation for the periods July 17, 2000 through July 1, 2001, and July 22, 2001 through August 20, 2001. Relator returned to work with another employer on August 21, 2001. The previously requested periods of TTD compensation from October 18, 1999 through July 16, 2000, were dismissed in light of relator's amendment. The DHO denied the requested TTD compensation based upon the March 7, 2002 C-84 from Dr. Goswami who opined that relator's disability was due to the non-allowed condition of "722.10 Lumbar Disc Displacement." The DHO set relator's average weekly wage at $539.57.
 {¶ 9} 4. Relator appealed the DHO order and the matter was heard before a staff hearing officer ("SHO") on July 8, 2002. With his appeal, relator attached the June 10, 2002 C-84 of Dr. Goswami which listed the condition preventing his return to work as "722.52 Degenerative disc dis[ease]." Relator also included numerous office notes from Dr. Goswami dating from January 2000 through January 2001. A review of those office notes reveals repeated diagnoses of lumber strain and prolapsed disc. The notes also indicate back pain.
 {¶ 10} 5. In the July 8, 2002 order, the SHO affirmed the prior DHO order and denied relator's request for TTD compensation. The SHO specifically stated as follows:
 {¶ 11} "The Staff Hearing Officer finds that the denial of the payment of temporary total compensation is based on the C-84 dated 3/7/2002 from Dr. Goswami, which indicates that the claimant's current disability is based on lumbar disc displacement which is a non-allowed condition.
 {¶ 12} "The denial is also based on another C-84 dated 6/10/2002 from Dr. Goswami indicating that the current disability is due to the degenerative disc disease which is an allowed condition in this claim; but, the claimant has failed to present any type of documentation from Dr. Goswami indicating which diagnosis as he indicated that claimant [is] disabled from. The fact that a new C-84 was filed on 6/10/2002 without any accompanying documentation is not deemed probative.
 {¶ 13} "Therefore, the requested temporary total compensation is denied."
 {¶ 14} 6. Further appeal was refused by order of the commission mailed August 1, 2002.
 {¶ 15} 7. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 16} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 17} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. R.C. 4123.56(A) provides that TTD compensation shall continue until the claimant has returned to work, the claimant's treating physician has made a written statement that the claimant is capable of returning to their former position of employment, when work within the physical capabilities of the claimant is made available by the employer, or another employer, or when the claimant has reached maximum medical improvement. Further, it is undisputed that claimant bears the burden of submitting medical evidence to show that any period of alleged disability is exclusively due to the claimant's allowed conditions. State ex rel. Chrysler Corp. v. Indus. Comm. (1998),81 Ohio St.3d 158.
 {¶ 18} Relator points to State ex rel. Kroger Co. v. Indus. Comm. (1997), 80 Ohio St.3d 483, in support of his argument that Dr. Goswami's failure to list the allowed condition should not foreclose payment of the requested compensation. Relator contends that the terminology used by Dr. Goswami is close enough to be the actual allowed condition that the commission abused its discretion in rejecting the medical evidence submitted.
 {¶ 19} In Kroger Co., the claim had been allowed for "anxiety disorder with panic attacks." Claimant's doctor attributed her symptoms to "Post Traumatic Stress Disorder (Secondary to Industrial Accident), Panic Attacks, Dysthymia." The employer argued that the doctor relied in part on non-allowed conditions. The court found this argument to be unpersuasive for the following reasons:
 {¶ 20} "Compensable disability must arise exclusively from the claim's allowed conditions. Fox v. Indus. Comm. (1955), 162 Ohio St. 569
* * *. Ideally, the diagnosis contained on a disability form should mirror exactly the condition(s) allowed by the commission and, where it does not, closer examination may be warranted. Some degree of flexibility, however, seems particularly important when dealing with psychiatric conditions. As the Washington Supreme Court observed:
 {¶ 21} "`Psychology and psychiatry are imprecise disciplines. Unlike the biological sciences, their methods of investigation are primarily subjective and most of their findings are not based on physically observable evidence.' Tyson v. Tyson (1986), 107 Wn.2d 72,78[.] * * *"
 {¶ 22} Relator asks this court to extend this case to include reports where a doctor lists a different physical condition other than the allowed condition.
 {¶ 23} A review of the record indicates that relator's March 7, 2002 C-84 listed "722.10 Lumbar Disc Displacement" as the condition which was causing relator's disability. Lumbar disc displacement is not an allowed condition in relator's claim. Although relator's treating physician later submitted an additional C-84 relating relator's disability to "degenerative disc disease," Dr. Goswami did not provide any additional medical evidence in support of this revised opinion. Although relator contends that Dr. Goswami continued to treat him for the same symptoms for the entire time period and argues that those symptoms correspond with degenerative disc disease, the fact remains that Dr. Goswami's office notes repeatedly refer to "prolapsed disc" as the diagnosis for which he was treating relator. Furthermore, Dr. Goswami's office notes repeatedly listed recurrent back pain as the reason for relator's treatment without necessarily including complaints of pain radiating down relator's legs. Contrary to relator's contentions, "prolapsed disc" is not synonymous with "degenerative disc disease." Because the conditions and their respective symptoms are not synonymous, relator's argument fails.
 {¶ 24} Because this magistrate finds that the commission did not abuse its discretion in concluding that the medical evidence submitted by relator was not sufficient to meet the burden of proof that his requested period of temporary total disability was directly related to the allowed conditions in his claim, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.