DECISION
{¶ 1} Relator, Penn Traffic Company, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted temporary total disability ("TTD") compensation to respondent Theran Jones and ordering the commission to find that claimant is not entitled to TTD compensation because claimant voluntarily abandoned the workforce when he was fired from his employment with relator.
 {¶ 2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate has rendered a decision including findings of fact and conclusions of law and has recommended that this court deny relator's writ of mandamus. (Attached as Appendix A.) Relator has filed objections to the magistrate's decision, and the matter is now before us for independent review of the record pursuant to Civ.R. 53.
 {¶ 3} Respondent Theran Jones' claim was allowed for "sprain left shoulder; inpingement syndrome left shoulder," subsequent to a work-related injury on February 28, 2002. In April 2002, relator terminated claimant's employment for failing to punch the time clock for lunch, in violation of company policy as expressed in the employee manual.
 {¶ 4} The commission's staff hearing officer found that TTD compensation was payable because the time clock policy alleged to have been violated was not effective until June 1, 2002, after claimant's termination on April 19, 2002.
 {¶ 5} Relator thereafter filed an appeal to the commission from the staff hearing officer's decision, submitting a copy of the time clock policy with an effective date of July 1, 1996, and a written statement from relator's in-house claims coordinator averring that the policy had not changed between the effective date of July 1, 1996 and the subsequent change of June 1, 2002. The appeal was denied.
 {¶ 6} Before the magistrate, relator argued that it had presented uncontraverted evidence to the commission regarding the substance of the time clock policy and claimant's violation of that policy. The magistrate found that, while subsequent evidence submitted by relator might bolster the assertions regarding claimant's violation of time clock policy, that evidence was not introduced before the staff hearing officer, where the only time clock policy presented was that put in place after claimant's termination. The magistrate noted that, pursuant to R.C.4123.511, appeals from the order of a staff hearing officer are discretionary, and that the commission's current written policy provides three grounds under which such discretionary appeal will be granted: an appeal that presents unusual medical, legal or factual question or presents unique precedent value; an appeal that presents newly discovered evidence which, by due diligence, could not have been discovered and filed prior to the hearing; or an appeal in which there is the possible existence of fraud. The magistrate found that relator had not presented evidence showing that it met any one of the three prongs, and that the commission therefore was not required to accept the appeal under its current guidelines.
 {¶ 7} In its objections, relator attempts only to reargue issues that were fully and accurately addressed in the magistrate's decision. For the reasons set forth in the magistrate's decision, relator's objections are overruled.
 {¶ 8} Following an independent review of the record pursuant to Civ.R. 53, this court finds that the magistrate has properly determined the pertinent facts and applied the appropriate law thereto. This court accordingly adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. The requested writ of mandamus shall be denied.
Objections overruled; writ denied.
Petree and Klatt, JJ., concur.
WRIGHT, J., retired, of the Supreme Court of Ohio, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
 (APPENDIX A) IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Penn Traffic Company, : Relator, : v. : : No. 03AP-324 Industrial Commission of Ohio : (REGULAR CALENDAR) and Theran Jones, : Respondents. :
 MAGISTRATE'S DECISION Rendered on August 25, 2003. IN MANDAMUS {¶ 9} Relator, Penn Traffic Company, filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted temporary total disability ("TTD") compensation to respondent Theran Jones ("claimant") and ordering the commission to find that claimant is not entitled to TTD compensation because claimant voluntarily abandoned the workforce when he was fired from his employment with relator.
 Findings of Fact {¶ 10} 1. Claimant sustained a work-related injury on February 28, 2002, and his claim has been allowed for: "sprain left shoulder; inpingement syndrome left shoulder."
 {¶ 11} 2. In April 2002, relator terminated claimant's employment for failing to punch the time clock for lunch for three or four days after having been warned about the same company offense several weeks prior.
 {¶ 12} 3. On August 19, 2002, claimant filed a motion for TTD compensation.
 {¶ 13} 4. A hearing was held before a district hearing officer ("DHO") on October 21, 2002. Claimant's motion was granted and relator's challenge on the basis that claimant had been terminated was denied for the following reasons:
 {¶ 14} * * * The District Hearing Officer is not persuaded by the employer's argument that the claimant is not entitled to temporary total compensation because of his 04/08/2002 termination. The employer produced no evidence of a violation of a specific written work rule.
 {¶ 15} 5. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on January 30, 2003. Relator presented certain evidence in support of its claim that claimant had been terminated for violation of a written work rule. Specifically, relator submitted its time clock policy which provides that all employees must clock in and out accurately to ensure proper payment of wages and that any employee who violates the rules will be subject to disciplinary action up to and including termination. The heading of the policy provides as follows: "Big Bear Stores Company Employees Manual Effective Date 6-01-02." (Emphasis sic.)
 {¶ 16} 6. The SHO found that TTD compensation was payable and rejected relator's argument as follows:
 {¶ 17} The Staff Hearing Officer finds that the employer has now come forward with evidence that the claimant was terminated on 04/19/2002 for violation of a specific work rule pursuant toLouisiana-Pacific [State ex rel. Louisiana-Pacific Corp. v.Indus. Comm. (1995), 72 Ohio St.3d 401]. Those records document that the injured worker violated the Big Bear "Time Clock Policy" when he failed to clock in and out for lunch, and that he has been previously warned about this behavior. However, the Staff Hearing Officer finds that the policy alleged to have been violated, page 9 of the Employee Manual, was not effective until 06/01/2002. Therefore, the Staff Hearing Officer finds that the three-prong test of Louisiana-Pacific has not been met in this case. Therefore, temporary total disability compensation is payable after 04/19/2002 on that basis.
 {¶ 18} Temporary total disability compensation is awarded from 04/09/2002 through 06/23/2002, less the three days that the injured worker worked at Worthington Cylinders in May, 2002. Temporary total disability compensation is awarded, based on the C-84 of Dr. Kearns dated 07/31/2002, and reports from examination of the claimant by Dr. Kearns on 03/27/2002 and 05/22/2002. Dr. Kearns released the injured worker to return to work on 06/24/2002.
 {¶ 19} 7. Thereafter, relator filed a discretionary appeal from the SHO's decision. Relator attached a copy of the time clock policy with an effective date of July 1, 1996, as well as a letter from Kathy Neubauer, relator's workers' compensation claims coordinator, which provided as follows: "This [is] to inform you that there has been no changes made to the `Time clock Policy' from the last policy revision date of 7-1-96 to the revision of policy dated 6-1-02."
 {¶ 20} 8. By order mailed March 4, 2003, the commission refused relator's appeal.
 {¶ 21} 9. Thereafter, relator filed the instant mandamus action in this court.
 Conclusions of Law {¶ 22} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 23} In the present case, relator argues that it presented uncontroverted evidence of the time clock policy and of claimant's violation of that policy. As such, relator argues that it demonstrated conclusively that claimant had been terminated from his employment for the violation of a written work rule and that claimant is, therefore, not entitled to receive TTD compensation.
 {¶ 24} The problem with relator's argument is that, at the hearing level, relator did not present conclusive evidence of a written work rule which was in effect prior to the date that relator terminated claimant's employment. The written work rule presented to the commission at the hearing was effective June 1, 2002, however claimant was terminated from his employment April 8, 2002. Although relator contends that the same policy had been in effect prior to claimant's termination, relator failed to present that evidence to the commission.
 {¶ 25} Pursuant to R.C. 4123.511, appeals from an order of an SHO are discretionary. Commission Resolution No. R94-1-6 provides three grounds for the granting of a discretionary appeal pursuant to R.C. 4123.511: (1) appeal presents unusual medical, legal or factual question or the commission desires to set policy or precedent; (2) there exists newly discovered evidence which, by due diligence, could not have been discovered and filed prior to the hearing; or (3) there is the possible existence of fraud. In relator's memorandum in support of its appeal to the full commission, relator did not explain the reason for its failure to produce the policy in effect in April 2002 when relator terminated claimant's employment. None of the above reasons were advanced by relator. The commission was not required to accept the appeal and, because the commission's order granting claimant TTD compensation and rejecting relator's argument that claimant had been terminated for the violation of a written work rule which was in effect at the time claimant was terminated, is rejected because relator failed to present that evidence to the commission. Based upon the record before the commission at the time of the hearing, the commission's order is supported by some evidence and is in accordance with law. As such, relator has failed to show that the commission abused its discretion by granting claimant TTD compensation based upon the evidence which was before the commission at the time.
 {¶ 26} Based on the foregoing, it is this magistrate's decision that relator has failed to demonstrate that the commission abused its discretion in granting TTD compensation to claimant and relator's request for a writ of mandamus should be denied.