DECISION
{¶ 1} Charles Frusteri filed this action in mandamus seeking a writ to compel the Industrial Commission of Ohio to vacate its order which granted temporary total disability ("TTD") compensation but ordered an offset of the new TTD compensation against TTD *Page 2 
compensation paid earlier involving the same period of TTD and the same allowed medical conditions.
 {¶ 2} In accord with Loc.R. 12, the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which contain detailed findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate's decision recommends that we deny the requested relief.
 {¶ 3} No party has filed objections to the magistrate's decision. The case is now before the court for review.
 {¶ 4} No error of law or fact is present on the face of the magistrate's decision. We therefore adopt the findings of fact and conclusions of law contained in the magistrate's decision. As a result, we deny the requested writ of mandamus.
Writ denied.
 BRYANT and KLATT, JJ., concur. *Page 3 
 APPENDIX A {¶ 5} Relator, Charles Frusteri, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted a requested period of temporary total *Page 4 
disability ("TTD") compensation in claim number 04-872259, but ordered the self-insured employer, respondent Shiloh Automotive, Inc. ("Shiloh"), to offset its payment to relator by the amount of TTD compensation already paid to relator in claim number L27961-22 for the same time period and same underlying allowed condition.
Findings of Fact: {¶ 6} In 1989, while employed with MTD Products ("MTD"), relator acquired job-related bilateral carpal tunnel syndrome and the Ohio Bureau of Workers' Compensation ("BWC") assigned his claim as number L27961-22 ("MTD claim").
 {¶ 7} Relator received treatment, including a right carpal tunnel reduction surgery in 1991.
 {¶ 8} In 1999, MTD transferred the plant where relator worked to Shiloh.
 {¶ 9} In 2004, relator developed left wrist and hand pain. His BWC claim was assigned number 04-872259 ("Shiloh claim").
 {¶ 10} The Shiloh claim was ultimately allowed only for left wrist sprain. The claim was specifically disallowed for "left carpal tunnel syndrome [and] aggravation of pre-existing left carpal tunnel syndrome."
 {¶ 11} In August 2005, relator moved for the payment of TTD compensation and sought the authorization of surgery for his left carpal tunnel syndrome in the MTD claim.
 {¶ 12} Relator's motion for TTD compensation and surgery was originally granted by a district hearing officer ("DHO") in November 2005.
 {¶ 13} MTD paid out TTD compensation to relator as well as the cost of surgery. However, MTD did appeal the decision. *Page 5 
 {¶ 14} In January 2006, a staff hearing officer ("SHO") vacated the prior DHO's order and found that the requested period of disability as well as the surgery were not related to the MTD claim and denied both.
 {¶ 15} Relator appealed the commission's decision to the Cuyahoga County Court of Common Pleas pursuant to R.C. 4123.512. Ultimately, the court determined that relator was entitled to participate in the workers' compensation system for the condition of aggravation of pre-existing carpal tunnel syndrome in the Shiloh claim.
 {¶ 16} MTD applied for and received reimbursement from the BWC for the overpayment of TTD compensation in the MTD claim.
 {¶ 17} In September 2006, relator filed a motion in the Shiloh claim for the payment of TTD compensation based upon the newly allowed condition of aggravation of pre-existing carpal tunnel syndrome.
 {¶ 18} Ultimately, the commission determined that relator was entitled to TTD compensation from January 8, 2005 to January 7, 2006, less the TTD compensation previously paid by MTD in the MTD claim for the same period.
 {¶ 19} Shiloh has complied with the commission's order.
 {¶ 20} Relator appealed the SHO's decision granting him TTD compensation less the amount of compensation previously paid by MTD to the commission. Relator argued that the SHO's decision created a windfall for Shiloh and failed to award him the full amount of compensation to which he was entitled because he is statutorily obligated to repay the overpayment made in the MTD claim to the BWC pursuant to R.C. 4123.511(J).
 {¶ 21} The commission refused relator's appeal. *Page 6 
 {¶ 22} Thereafter, relator filed the instant mandamus action in this court. Conclusions of Law:
 {¶ 23} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 24} For the reasons that follow, it is this magistrate's conclusion that this court should deny relator's request for a writ of mandamus.
 {¶ 25} Relator maintains that he is statutorily obligated to pay back to the BWC's surplus fund the money reimbursed to MTD after it was determined that the requested period of TTD compensation and surgery were not related to the allowed conditions in the MTD claim. Further, because Shiloh was permitted to offset from the TTD compensation and cost of surgery which it became obligated to pay in the Shiloh claim from the amount of money already paid by MTD, relator claims that Shiloh received a windfall while he will actually be denied the money to which he is entitled. *Page 7 
 {¶ 26} Relator misconstrues the statute at issue and further, at this point in time, there is no commission order finding any overpayment to relator which would require him to reimburse the surplus fund.
 {¶ 27} R.C. 4123.511(J) provides:
 Upon the final administrative or judicial determination * * * of an order to pay compensation, if a claimant is found to have received compensation pursuant to a prior order which is reversed upon subsequent appeal, * * * the bureau, shall withhold from any amount to which the claimant becomes entitled pursuant to any claim, past, present, or future, * * * the amount of previously paid compensation to the claimant which, due to reversal upon appeal, the claimant is not entitled. * * *
 {¶ 28} Based upon the plain reading of the statute, relator is not statutorily obligated to pay back the TTD compensation and other monies paid to him in the MTD claim, in spite of the fact that it was ultimately determined that those monies should have been paid instead in the Shiloh claim. Further, the commission did not cite R.C. 4123.511 (J) in its order. Although the commission determined that relator's TTD compensation had been paid to him by the wrong employer (MTD), the commission also determined that relator was entitled to the TTD compensation which he had received. Yes, MTD has been reimbursed from the surplus fund for the compensation paid to relator because MTD was not the proper employer. However, nothing in the law nor in the commission's order obligates relator to repay the compensation to which he is entitled. If anyone is potentially liable to repay that TTD compensation, it would be Shiloh which would be required to reimburse the surplus fund for the compensation refunded to MTD because Shiloh is a self-insured employer. Furthermore, until such *Page 8 
time as the BWC takes action to withhold any money, relator does not have a cause of action for which this court can provide any remedy.
 {¶ 29} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion in the present case and relator's request for a writ of mandamus should be denied. *Page 1