DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator Isabel Sierra ("relator") filed this original action in mandamus, seeking a writ ordering the Industrial Commission of Ohio ("commission") to vacate its order denying payment of fee bills submitted by her physician, and to issue an order directing the commission to find the submitted fee bills to be payable.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate, who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate determined that relator had not shown the commission abused its discretion in denying her requests for payment of these fee bills. The magistrate determined that based on the report of Dr. Huang, the record did contain some evidence to deny relator's request for authorization of treatment, and thus to deny payment of the submitted fee bills. Further, the magistrate determined that the Ohio Administrative Code does not require the employer to phrase its response denying the pre-authorization of requested treatment in some particular form, and that the employer's letter containing a denial of payment because "treatment was [not] authorized" was an adequate response and met the requirements of Ohio Adm. Code 4123-19-03(K)(5). Therefore, the magistrate recommended that relator's request for a writ of mandamus be denied. Relator filed an objection, which simply reargues matters already adequately addressed by the magistrate
 {¶ 3} Relator suffered a work-related on December 17, 1998. Relator originally was treated for this injury by Dr. Shu Q. Huang, M.D. In November 1999, Dr. Huang determined relator could return to work with no specific restrictions. (R. at 29.) On February 11, 2000, relator sought treatment from Dr. James J. Bedocs, D.M. without seeking prior authorization. Dr. Bedocs submitted his first request for authorization for treatment to the employer by fax on February 16, 2000, accompanied by an invoice for the treatment already rendered.
 {¶ 4} Ohio Adm. Code 4123-19-03(K)(5) provides:
The employer shall approve or deny a written request for treatment within ten days of the receipt of the request. If the employer fails to respond to the request, the authorization for treatment shall be deemed granted and payment shall be made within thirty days of receipt of the bill.
 {¶ 5} It is undisputed that later that same day, the employer sent Dr. Bedocs a letter, stating:
We are in receipt of your fee bill for services rendered form 2/14/00 to 2/14/00 in the amount of $235.00. Please be advised that payment is hereby denied by the self-insured employer for the following reason:
Treatment not authorized[.]"
If you have any questions regarding this denial, please feel free to contact this office.
(Emphasis sic.)
 {¶ 6} Nonetheless, Dr. Bedocs continued to treat relator and submitted seven additional requests for authorization for the same injury, each of which was accompanied by another invoice. (Findings of fact, at 7, 9.) Again, it is undisputed that the employer responded to each of these requests within ten days by sending another letter stating this treatment for the same injury was not authorized. The employer therefore complied with Ohio Adm. Code 4123-19-03(K)(5) by responding in a timely manner that treatment was not authorized.
 {¶ 7} Following an independent review of the record, we find the magistrate has properly determined the facts and applied the salient legal standards. We therefore adopt the magistrate's decision as our own, including the findings of fact and conclusions of law it contains. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; writ of mandamus denied.
Lazarus, P.J., and Bryant, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
The State of Ohio on : Relation of Isabel Sierra, : Relator, : v. : No. 03AP-676 The Metrohealth System and : (REGULAR CALENDAR) The Industrial Commission of Ohio,: Respondents. :
 MAGISTRATE'S DECISION Rendered on November 28, 2003 Shapiro, Marnecheck Reimer, Philip A. Marnecheck andMatthew A. Palnik, for relator.
Shawn M. Mallamad, Assistant Prosecuting Attorney, for respondent The Metrohealth System.
Jim Petro, Attorney General, and Thomas L. Reitz, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 8} Relator, Isabel Sierra, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied payment of fee bills submitted by her doctor for medical treatment and ordering the commission to find that those fee bills are payable.
Findings of Fact:
 {¶ 9} 1. Relator sustained a work-related injury on December 17, 1998, and her claim has been allowed for: "upper back strain, acute cervical radiculopathy."
 {¶ 10} 2. On February 11, 2000, relator began treating with James J. Bedocs, D.M.
 {¶ 11} 3. Dr. Bedocs authored a medical report dated February 16, 2000, indicating his initial findings and requesting that the treatment plan that he outlined be authorized with the enclosed C-9 form which was submitted to respondent The Metrohealth System ("employer"). The employer sent the following letter, also dated February 16, 2000, to Dr. Bedocs:
We are in receipt of your fee bill for services rendered from 2/14/2000 to 2/14/2000 in the amount of $235.00. Please be advised that payment is hereby denied by the self-insured employer for the following reason:
Treatment not authorized[.]
(Emphasis sic.)
 {¶ 12} 4. The record also contains a copy of the C-9 form submitted by Dr. Bedocs to the employer as well as the employer's response to the request. The C-9 provides that, once the employer receives such, the employer is to fax the page back to the submitting physician indicating the status of the claim as either pending, allowed, or disallowed. The self-insuring employer is specifically reminded that, if the form is not faxed or mailed back to the submitting physician within ten days of receipt, authorization for the medical treatment shall be deemed granted pursuant to Ohio Adm. Code 4123-19-03(K)(5). On the form the employer returned to Dr. Bedocs, the employer indicated that the claim status was pending and that "[t]he documentation requested must be submitted to the MCO case manager or Self-Insuring employer to allow for treatment decision."
 {¶ 13} 5. Dr. Bedocs continued to submit fee bills and the record contains letters from the employer dated February 24, 2000, March 1, 2000, March 2, 2000, March 9, 2000, March 13, 2000, and March 16, 2000, all specifically denying payment because the treatment was not authorized.
 {¶ 14} 6. On April 23, 2001, relator filed a motion seeking the payment of fee bills for treatment rendered by Dr. Bedocs in the amount of $3,185, covering the dates of February 14, 2000 through August 30, 2000.
 {¶ 15} 7. The matter was heard before a district hearing officer ("DHO") on December 30, 2002, and resulted in an order denying relator's request for payment. The DHO specifically stated his rationale as follows:
* * * District Hearing Officer further finds the C-9 dated 02/16/2000 was denied pending medical review on 02/22/2000 and again on 03/02/2000. Dr. Bedocs was further informed of non-payment for failure to obtain pre-approval for services per letters dated 02/14/2000, 02/24/2000, 03/01/2000, 03/02/2000, 03/09/2000, 03/13/2000 and 03/16/2000 for treatment through 03/10/2000, yet continued to treat claimant through 08/30/2000.
District Hearing Officer finds Dr. Bedocs was on notice of the self-insured's rejection of treatment as early as 02/14/2000, and therefore did not detrimentally rely upon the self-insured employer's failure to respond to the initial C-9 as argued. * * *
 {¶ 16} 8. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on February 10, 2003. The SHO affirmed the prior DHO order specifically finding that Dr. Bedocs had been advised that the treatment had not been authorized and that he decided to continue with the treatment despite the lack of authorization and was not entitled to payment.
 {¶ 17} 9. Relator appealed and the matter was heard before a deputy on May 14, 2003, and resulted in an order modifying the prior SHO order. Specifically, the deputy noted as follows:
Dr. Bedocs first saw the injured worker on 02/11/2000. He provided treatment on that date. On 02/16/2000, Dr. Bedocs, by fax to this self-insuring employer, sent a report setting forth his findings, and a C-9 form seeking prior authorization of a course of treatment at a rate of three per week for four weeks. The self-insuring employer responded to this C-9 form by fax on 02/22/2000, and when the C-9 form was resubmitted responded again on 03/02/2000. Both of these responses are marked, "denied pending medical review." Significantly, letters dated 02/14/2000, 02/24/2000, 03/01/2000, 03/02/2000, 03/09/2000, 03/13/2000, and 03/16/2000 denied bills faxed by Dr. Bedocs' office for the treatments which he was providing, and for which he was seeking authorization by these C-9 forms. The reason given on each of these letters of denial was, "treatment not authorized."
 {¶ 18} With regard to relator's contention that the employer's actions were insufficient to constitute a request for treatment under Ohio Adm. Code 4123-19-03(K)(5), the deputy responded as followed:
* * * The Deputy affirms the prior findings of the District Hearing Officer and the Staff Hearing Officer that the actions of the self-insuring employer in response to the requests made by Dr. Bedocs' office were sufficient to constitute a denial of the requested authorization. Both of the direct responses to C-9 forms state they are denials. The fact that they leave open the possibility that, upon further investigation, the self-insuring employer may reverse it's decision, does not render this response anything other than a denial. In the context of seven direct denials of payment of fee bills for the treatments which were being requested by the C-9 form, the actions of the self-insuring employer made it plain to Dr. Bedocs that he was not being pre-authorized to perform the treatments which he was providing to the injured worker. To conclude, as the injured worker seeks, that the self-insuring employer is obliged to couch it's denial of pre-authorization of requested treatment in some particular form, requiring them to respond in the same manner to each request and make each denial irrevocable, would be to unreasonably raise form over substance, and deny to self-insuring employers the opp-ortunity to administratively decide that a request for treat-ment which was initially denied had been shown needed upon receipt of additional information.
 {¶ 19} In then addressing the merits of relator's request for the payment of Dr. Bedocs' bills, the deputy noted the October 16, 2000 review by Dr. Shu Q. Huang, M.D., who concluded that the treatment was unnecessary and that relator had already received treatment at the Metrohealth medical center and that relator had been returned to work without any specific restrictions at the time of her last visit in November 1999. As such, based upon the report of Dr. Huang, the deputy found that the treatment by Dr. Bedocs was not medically reasonable or appropriate for the allowed conditions.
 {¶ 20} 10. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 21} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 22} The issue in the present case is whether or not the employer timely responded to the C-9 form submitted by Dr. Bedocs on February 14, 2000. Relator contends that the employer did not respond properly within ten days and that the failure to do so rendered the request for authorization for treatment granted and required the employer to pay the fee bills within 30 days.
 {¶ 23} Ohio Adm. Code 4123-19-03 provides certain requirements for self-insuring employers in order for them to continue to be granted the privilege of paying compensation directly to an employee. Ohio Adm. Code 4123-19-03(K)(5) specifically provides, in pertinent part:
The employer shall pay * * * medical * * * bills * * * within thirty days after receipt of such bill[.] * * * The employer shall approve or deny a written request for treatment within ten days of the receipt of the request. If the employer fails to respond to the request, the authorization for treatment shall be deemed granted and payment shall be made within thirty days of receipt of the bill.
 {¶ 24} Relator contends that the employer did not properly deny the authorization for payment of Dr. Bedocs' medical bills until September 2000, when the employer faxed back a C-9 form specifically indicating that the status of the claim was disallowed. Relator does not address the fact that numerous letters had been sent indicating that Dr. Bedocs' treatment was not authorized and several C-9 forms were faxed back to Dr. Bedocs' office indicting that the claim status was pending and that further documentation was requested prior to a decision by the employer to allow or deny the requested treatment. Furthermore, relator does not deny or dispute that the above letters were sent and received.
 {¶ 25} Ohio Adm. Code 4123-19-03(K)(5) provides that the employer is to approve or deny a written request for treatment within 10 days and that, if the employer fails to respond to the request, the authorization shall be deemed granted. The C-9 form itself specifically provides that the employer can respond in one of three ways to a request for treatment. The employer can indicate that the status of the claim is pending, allowed, or disallowed. In the present case, the commission found that the employer timely responded to Dr. Bedocs' request for authorization of treatment indicating that the status of the claim was pending and that further documentation was requested. Instead of submitting the requested documentation, Dr. Bedocs' continued to submit fee bills in the form of C-9 forms. Based upon the record, this magistrate concludes that relator and Dr. Bedocs were notified that the requested treatment had not been authorized. The first C-9 requested payment for medical services in the amount of $235. Over the course of the next several months, Dr. Bedocs provided and requested payment for medical treatment in the amount of $3,185, all without ever having received notice from the employer that the treatment had been authorized. Because the record contains some evidence to support the commission's decision, and because this magistrate agrees that the Ohio Administrative Code does not require the employer to phrase its response denying the pre-authorization of requested treatment in some particular form, the employer's response was adequate and met the requirements of the rule. This magistrate agrees.
 {¶ 26} Based upon the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying her request for the payment of fee bills and this court should deny relator's request for a writ of mandamus.
 /s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE