DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION.
{¶ 1} Relator, Sauder Woodworking, has filed this original action in mandamus requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order granting the request of respondent Barbara J. Pruett for referral for vocational rehabilitation services in accordance with Ohio Adm. Code 4123-18-03, and ordering the commission to deny that request.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision including findings of fact and conclusions of law. The magistrate concluded that relator failed to establish that the commission had abused its discretion and that this court should deny the requested writ.
 {¶ 3} Relator filed objections to the decision of the magistrate arguing that she erred in concluding that the failure of the claimant to attach documentation to her motion was not fatal to its approval and that she erred in not imposing a requirement that the claimant should specify the nature of the rehabilitation program in which she seeks to participate, relying on a decision from the Self-Insuring Employer's Evaluation Board. The magistrate adequately addressed both of these issues in her decision. For the reasons stated in that decision, the objections are overruled.
 {¶ 4} Following independent review pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the salient law to them. We adopt that decision as our own, including the findings of fact and conclusions of law modifying that decision at page ten, ¶ 31, in the last sentence substituting the words "did not" to achieve the clearly intended meaning that line should read: "This magistrate finds that the commission did not abuse its discretion." In accordance with the modified decision, the requested writ is denied.
Objections overruled; writ of mandamus denied.
Brown, P.J., and Bryant, J., concur.
 (APPENDIX A) IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Sauder Woodworking, :
 Relator, :
v. : No. 04AP-395
Barbara J. Pruett and Industrial : (REGULAR CALENDAR)
Commission of Ohio, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on September 30, 2004. Porter, Wright, Morris Arthur, and Christopher C. Russell, for relator.
Thompson, Meier Dersom, and Adam H. Leonatti, for respondent Barbara J. Pruett.
Jim Petro, Attorney General, and Dennis L. Hufstader, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 5} Relator, Sauder Woodworking, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting the request of respondent Barbara J. Pruett ("claimant") for referral for vocational rehabilitation services in accordance with Ohio Adm. Code4123-18-03, and ordering the commission to find that claimant is not entitled to that referral.
Findings of Fact:
 {¶ 6} Claimant sustained a work-related injury on October 1, 2001, and her claim has been allowed for "fracture right tibia/fibula."
 {¶ 7} The day after her injury, on October 2, 2001, Dr. Christopher Spieles performed the following surgery: "Open reduction and internal fixation of right ankle trimalleolar fracture." Dr. Spieles certified claimant as being unable to return to work immediately following the surgery.
 {¶ 8} On October 26, 2001, Dr. Spieles released claimant to return to work with restrictions. Those restrictions included sit down work only and that she be able to elevate her right leg. He noted further that transportation would be problematic and that the claimant would need physical therapy.
 {¶ 9} The record indicates that claimant underwent physical therapy between November 1, 2001 and February 4, 2002. A review of those records demonstrates that claimant's recovery was painful and that she continued to be limited in her ability to work.
 {¶ 10} In his treatment notes, Dr. Spieles indicated that claimant progressed slowly. On December 17, 2001, he noted that claimant could gradually increase weight bearing to allow limited standing/walking and, in his treatment note dated January 14, 2002, he noted that claimant is making progress, although slowly.
 {¶ 11} Claimant sustained a flare-up of her condition in early January 2002 and missed work on January 15, 2002.
 {¶ 12} Dr. Spieles' January 25, 2002 treatment note expressed concern over claimant's persistent pain and noted that she would need to miss work again on February 26, 2002, due to a flare-up.
 {¶ 13} Claimant's ankle pain was again exacerbated on April 18, 2002, when she twisted her ankle coming down the stairs. In light of this, Dr. Spieles again limited her to sit down work only with limited standing/walking. As of April 30, 2002, claimant was still restricted to sit down work only. In his April 20, 2002 treatment notes, Dr. Spieles again indicated concern over claimant's persistent pain and contemplated removing the hardware implanted in claimant's foot during the first surgery.
 {¶ 14} Dr. Spieles referred claimant for evaluation to Dr. Thomas Padanilam, who examined claimant on September 16, 2002. Dr. Padanilam recommended that Dr. Spieles remove claimant's hardware in order to reduce her pain and limitations.
 {¶ 15} On November 22, 2002, Dr. Spieles performed surgery to remove the hardware in claimant's foot. Unfortunately, claimant suffered complications from this second surgery and developed osteomyelitis. Thereafter, claimant underwent her third surgical procedure due to the osteomyelitis.
 {¶ 16} In his May 28, 2003 treatment notes, Dr. Spieles recommended the following:
RECOMMENDATIONS: I do not foresee this improving anytime in the near future. Based on her lack of improvement with other treatment recommendations I am at a loss as to what avenues to pursue for her. To add in, I have recommended consideration be given to a permanent disability rating for this condition. Also, I feel that Mrs. Pruett would benefit from some job re-training for an occupation which would be primarily a seated posture. Additionally, evaluation and treatment at a pain management facility may be required to help treat the chronicity of this painful condition. Mrs. Pruett expressed an understanding to my recommendations. We need to see the patient again on an as needed basis. Final note, last prescription for Percocet was written today. * * *
 {¶ 17} On June 2, 2003, claimant filed a C-86 motion with relator, a self-insured employer, requesting that claimant be referred for rehabilitation. That request provided, in full, as follows:
Now comes the claimant, Barbara J. Pruett, by and through counsel, and moves the Bureau of Workers' Compensation to refer the claimant for vocational rehabilitation services, pursuant to OAC § 4123-18-03(B)(1).
The recognized allowances in the claim reflect a significant impediment to Ms. Pruett's employment.
* * *
All supporting documentation is contained in the BWC claim file.
 {¶ 18} By letter dated July 2, 2003, relator rejected claimant's motion and indicated that the matter needed to be set for hearing.
 {¶ 19} On July 9, 2003, Dr. Spieles indicated that claimant had reached maximum medical improvement ("MMI") and that she would benefit from sit down work only.
 {¶ 20} Claimant's motion was heard before a district hearing officer ("DHO") on August 13, 2003, and resulted in an order denying the request as follows:
It is the order of the District Hearing Officer that the injured worker's request for vocational rehabilitation is DENIED. The injured worker has not provided sufficient medical evidence providing the medical necessity for rehabilitation. Recent treatment notes have not been provided. The injured worker has not met her burden of proof pursuant to OAC 4123-18-03(B)(1).
 {¶ 21} Thereafter, claimant saw to it that she provided copies of Dr. Spieles' more recent treatment notes, specifically his May 28, 2003 treatment note indicating that claimant be referred for some job retraining.
 {¶ 22} Claimant's appeal from the prior DHO order was heard before a staff hearing officer ("SHO") and resulted in an order granting her request as follows:
The Staff Hearing Officer grants claimant's request and refers the claimant for vocational rehabilitation services in accordance with OAC 4123-18-03.
The Staff Hearing Officer finds that based on Dr. Spieles' (treating physician) office notes from 10/12/2001 through 5/28/2003 that the claimant has reached maximum improvement, and the recognized allowance reflects a significant impediment to the claimant's employment or maintenance of employment.
Specifically, based on the 5/28/2003 office note, Dr. Spieles stated claimant would benefit from job retraining for occupations that would primarily be sedentary due to the chronic problems the claimant continues to have due to the allowed condition.
The Staff Hearing Officer also finds that the fact that the claimant was denied temporary total benefits per 3/18/2003 Staff Hearing Officer order doesn't bar a referral for vocational rehabilitation services as established under OAC 4123-18-03.
 {¶ 23} Relator's September 25, 2003 appeal was refused by order of the commission mailed October 10, 2003. Relator's request for reconsideration was denied by order of the commission mailed December 5, 2003.
 {¶ 24} Later, by DHO order dated December 5, 2003, claimant was awarded nine percent permanent partial disability award.
 {¶ 25} Thereafter, relator filed the instant mandamus action in this court contending that claimant's request for rehabilitation should not have been granted.
Conclusions of Law:
 {¶ 26} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State exrel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 27} Relator raises two arguments challenging the commission's order granting claimant's request to be referred for rehabilitation services. First, relator contends that claimant's motion failed to comply with Ohio Adm. Code 4123-3-16 which provides that motions shall be accompanied by substantial competent proof. Relator also contends that claimant failed to satisfy the rehabilitation criteria set forth in Ohio Adm. Code 4123-18-3 because she did not undergo appropriate diagnostic testing before filing her motion and did not submit a plan with her motion. For the reasons that follow, this magistrate rejects both of relator's arguments.
 {¶ 28} Relator's first argument is a technical one. Relator contends that claimant did not comply with Ohio Adm. Code 4123-3-16(D) and that pursuant to Ohio Adm. Code 4123-3-16(H), claimant's motion should have been dismissed. The relevant portions of Ohio Adm. Code 4123-3-16 provide as follows:
(D) Motions shall be accompanied by substantial competent proof conforming to the standards established in paragraph (C) of rule 4123-3-09 of the Administrative Code.
* * *
(H) Failure to comply with the provisions of this rule shall be sufficient reason for the dismissal of the motion.
 {¶ 29} In quoting the above, relator points out that claimant's motion did nothing more than note that "all supporting documentation is contained in the BWC claim file." Relator contends that this was not sufficient. This magistrate disagrees.
 {¶ 30} Referenced within Ohio Adm. Code 4123-3-16(D) is Ohio Adm. Code4123-3-09(C), which provides as follows:
(C) Proof.
In every instance the proof shall be of sufficient quantum and probative value to establish the jurisdiction of the bureau to consider the claim and determine the rights of the applicant to an award. * * *
Proof may be presented by affidavit, deposition, oral testimony, written statement, document, or other forms.
The burden of proof is upon the claimant * * * to establish each essential element of the claim by preponderance of the evidence. * * *
 {¶ 31} Both claimant and the commission counter relator's argument, in part, by arguing that when the evidence is within the commission's claim file, it is unnecessary for a movant to recopy and reattach documentation which is already contained within the record. This magistrate concludes that that is a logical assumption. Furthermore, Ohio Adm. Code 4123-3-16(H) only says that failure to comply with the provisions of the rule shall be sufficient reason for the dismissal of the motion. The code provision could have easily provided instead that the failure shall require dismissal of the motion, but it does not. In fact, in the present case, the DHO denied claimant's motion seeking rehabilitative services because there was not sufficient medical evidence providing the medical necessity for rehabilitation. In her appeal, before the matter was heard before an SHO, claimant specifically supplemented the record with the May 28, 2003 office note of Dr. Spieles recommending job retraining for an occupation that would be primarily a seated posture, evaluation and treatment at a pain management facility. As such, the commission, in exercising its discretion, gave claimant the opportunity to present additional evidence before the matter was heard before the SHO. This magistrate finds that the commission abused its discretion.
 {¶ 32} In its second argument, relator contends that claimant did not meet her burden of proof. Relator sets out Ohio Adm. Code 4123-18-3 entitled "Guidelines for referral to and acceptance into vocational rehabilitation" and then focuses in on subparagraph (F) which provides as follows:
Prior to rehabilitation plan implementation by the MCO, diagnostic evaluations may be used in determining feasibility for vocational rehabilitation services. Payment for such examination(s) and the vocational rehabilitation case management occurring during this period may be charged to the surplus fund.
 {¶ 33} However, in so doing, relator ignores the rest of the code provisions.
 {¶ 34} Ohio Adm. Code 4123-18-03 provides guidelines for referral to an acceptance into a vocational rehabilitation plan. Under paragraph (A), the scope of vocational rehabilitation is defined as follows:
Vocational rehabilitation is the process of restoring the vocational functioning of a worker who experiences an industrial injury or occupational disease. As the injured worker progresses toward medical stability, the worker should be assessed for vocational rehabilitation. Vocational rehabilitation services are not reimbursable from the surplus fund when they are solely directed toward the medical management of a claim.
 {¶ 35} Under subparagraph (B), it is noted that "[a]nyone can refer an injured worker for vocational rehabilitation services." In the present case, Dr. Spieles referred claimant for vocational rehabilitation services. It was not incumbent upon Dr. Spieles to set out a vocational rehabilitation plan. Instead, Ohio Adm. Code 4123-18-03(B)(2) provides as follows: "Once eligibility has been determined, the MCO shall contact the potential candidate referred for vocational rehabilitation services within three working days." As such, contrary to relator's arguments, claimant was not required to have a plan already prepared. Instead, once the injured worker has been found to be eligible, they are then referred for vocational rehabilitation services.
 {¶ 36} In addition, Ohio Adm. Code 4123-18-16 requires that the self-insuring employer provide vocational rehabilitation services to all eligible and feasible injured workers in a manner equal to or greater in quality and content than the services provided by the bureau and the MCO. To that extent, Ohio Adm. Code 4123-18-16(C) specifically provides as follows:
* * * If it is determined that the injured worker is eligible and feasible for vocational rehabilitation service, the self-insuring employer shall provide rehabilitation case management services equal to or greater in quality and content than the services provided by the bureau and the MCO utilizing the services of a provider who meets the minimum credentialing criteria set forth in rule 4123-6-022 of the Administrative Code.
 {¶ 37} In that regard, Ohio Adm. Code 4123-18-03(C) provides the following relevant eligibility criteria for rehabilitation services:
To be eligible for rehabilitation services the injured worker must meet the following criteria:
Recognized claim that is either:
A lost time claim allowed by an order of the bureau of workers' compensation or an order of the industrial commission or of its hearing officers;
* * *
(2) The recognized allowance must reflect a significant impediment to the injured worker's employment or maintenance of employment.
(3) The injured worker must have at least one of the following present:
* * *
(d) Received a permanent partial award and has documented job restrictions as a result of that award;
(e) Reached maximum medical improvement from the lost time claim, but is not currently receiving compensation and continues to have job restrictions in that claim as documented by the physician of record.
 {¶ 38} The record demonstrates that claimant met the criteria to be eligible for rehabilitation services. She has a recognized claim and has lost time from work. Furthermore, Dr. Spieles has limited her to sit down work only which is a significant impediment to her employment or maintenance of employment. Furthermore, claimant has reached MMI and has also received a nine percent permanent partial award and continues to have documented job restrictions as a result.
 {¶ 39} In its reply brief, relator attached a recent decision of the Self-Insuring Employers Evaluation Board ("SIEEB") to support its arguments that claimant was required to submit a plan; however, not only is this decision not binding on this court, but the facts herein differ in at least one relevant respect. In the referred to case, the SIEEB specifically noted that there were no restrictions listed regarding the claimant's physical capabilities, and the claimant was working and was not otherwise eligible for vocational rehabilitation. In this case, the claimant has significant restrictions and is otherwise eligible.
 {¶ 40} Based upon the above, this magistrate finds that there is some evidence in the record supporting claimant's eligibility for rehabilitation services and finding that the commission did not abuse its discretion in referring her for rehabilitation services. The fact that relator points to subparagraph (F) is immaterial. It merely states that prior to the implementation of a rehabilitation plan, diagnostic evaluations may be used in determining feasibility for vocational rehabilitation services. The use of the term "may" indicates that diagnostic evaluations are not a requirement. As such, relator's argument fails.
 {¶ 41} Based on the foregoing, this magistrate concludes that the commission did not abuse its discretion in granting claimant's motion for vocational rehabilitation and this court should deny relator's request for a writ of mandamus.