DECISION
{¶ 1} Relator, J.C. Penney Co., Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission"), to vacate its order granting temporary total disability compensation ("TTD"), to respondent Patricia Cottrell ("claimant"), and ordering the commission to deny claimant that compensation on the basis that the commission had previously found that she had reached maximum medical improvement ("MMI").
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate found that the commission abused its discretion in granting TTD compensation. Therefore, the magistrate recommended that this court issue a writ of mandamus ordering the commission to vacate its order granting claimant a new period of TTD compensation.
 {¶ 3} In her objections to the magistrate's decision, claimant essentially reargues the same points addressed in the magistrate's decision.
 {¶ 4} Following an independent review of the matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, relator's objections to the Magistrate's decision are overruled and we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant a writ of mandamus ordering the commission to vacate its order granting claimant a new period of TTD compensation.
Writ of mandamus granted.
Klatt and French, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : J.C. Penney Co., Inc., : Relator, : :
v. : No. 05AP-164 :
Industrial Commission of Ohio: (REGULAR CALENDAR) and Patricia Cottrell, : Respondents. :
 MAGISTRATE'S DECISION Rendered on July 21, 2005 Schottenstein, Zox Dunn and Patrick A. Devine, for relator.
Jim Petro, Attorney General, and Andrew J. Alatis, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 5} Relator, J.C. Penney Co., Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted temporary total disability ("TTD") compensation to respondent Patricia Cottrell ("claimant") and ordering the commission to deny her that compensation on the basis that the commission had previously found that she had reached maximum medical improvement ("MMI").
 {¶ 6} Findings of Fact:
 {¶ 7} 1. Claimant sustained a work-related injury on April 17, 2001.
 {¶ 8} 2. Relator, a self-insured employer, originally certified claimant's workers' compensation claim for: "right lumbar sprain with radiculopathy."
 {¶ 9} 3. Claimant began receiving TTD compensation upon submission of C-84 forms from her treating physician Martin Solomon, M.D., who certified her as being temporarily and totally disabled due to the condition of right lumbar sprain with radiculopathy.
 {¶ 10} 4. In November 2001, an MRI scan revealed a herniated disc at L4-5 and a surgical discectomy at L4-5 was performed in January 2002. Following her surgery, claimant continued to be treated by Dr. Solomon and TTD compensation continued to be paid.
 {¶ 11} 5. On June 17, 2003, Dr. Solomon saw relator for a "follow-up of her low back and lower extremity pain" and concluded that claimant had reached MMI because she had decided not to undergo any further surgical procedures for her ongoing pain.
 {¶ 12} 6. Relator filed a motion with the commission requesting that claimant's TTD compensation be terminated based upon the conclusion of her treating physician that she had reached MMI.
 {¶ 13} 7. Relator's motion was heard before a district hearing officer ("DHO") on July 17, 2003 and resulted in an order terminating her TTD compensation on the basis of Dr. Solomon's June 17, 2003 letter indicating she had reached MMI for her allowed condition.
 {¶ 14} 8. Claimant again saw Dr. Solomon in May 2004 and, in a letter dated May 25, 2004, Dr. Solomon noted that claimant continued to suffer with persistent symptoms from her 2001 industrial injury and that she had developed additional conditions from her injury. Dr. Solomon noted right L5 radiculopathy as well as certain other conditions which he indicated should be allowed in her claim.
 {¶ 15} 9. Based upon Dr. Solomon's May 25, 2004 letter, claimant filed a motion requesting that her claim be additionally allowed for the following conditions: "lumbosacral spondylosis[;] disc displacement[;] lumbosacral neuritis[;] lumbar/lumbosacral disc degeneration[;] spinal stenosis [and] lumbar sprain."
 {¶ 16} 10. Claimant's motion was heard before a DHO on May 28, 2004 and resulted in an order granting her motion to the extent that her claim was additionally allowed for: "lumbar disc displacement L4-5, lumbosacral neuritis."
 {¶ 17} 11. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on July 9, 2004 and resulted in an order affirming the prior DHO order. As such, as of May 28, 2004, claimant's claim was allowed for the following conditions: "right lumbar sprain with radiculopathy; lumbar disc displacement L4-5 [and] lumbosacral neuritis."
 {¶ 18} 12. Thereafter, Dr. Solomon completed a C-84 certifying claimant as temporarily and totally disabled from July 30, 2002 through July 23, 2004, on the basis of the following conditions: "724.4 lumbar radiculopathy[;] 724.4 lumbar radiculopathy [and] 724.2 back pain." Dr. Solomon noted that claimant had pain in her low back and right lower extremity and that she was unable to sit for any length of time. Objectively, Dr. Solomon noted "positive SLR sign pain on [right] hip notation." Dr. Solomon also requested authorization for treatment and/or diagnostic testing and listed as the diagnosis "lumbar radiculopathy 724.4."
 {¶ 19} 13. Claimant's motion was heard before a DHO on September 30, 2004 and resulted in an order denying the authorization for treatment and the new period of TTD compensation on the basis that Dr. Solomon had already certified claimant as having reached MMI and for the following reasons:
Counsel argued that since the maximum medical improvement finding, the claim has been additionally allowed for the "L4-5 DISPLACEMENT AND THE LUMBOSACRAL NEURITIS" which constitutes new and changed circumstances. The District Hearing Officer notes however, that since the inception of this claim, these conditions have been treated. Moreover, the injured worker underwent two surgical procedures to treat these conditions. Thus, the fact that the conditions were administratively added to the claim does not take away from the fact that with these conditions in mind, maximum medical improvement had been found.
Since the maximum medical improvement finding, the injured worker has received very little treatment and there has been no change in her symptomatology.
Accordingly, the request for temporary total disability compensation is denied.
The request for PT is denied as Dr. Solomon has failed to explain the need for physical therapy.
 {¶ 20} 14. Claimant appealed and the matter was heard before an SHO on November 9, 2004, and the prior DHO order was vacated. The SHO granted the request for treatment and for TTD compensation as follows:
Staff Hearing Officer finds that the 06/17/2003 opinion of maximum medical improvement of Dr. Solomon, and the 07/17/2003 District Hearing Officer order apply only to the condition of SPRAIN LUMBAR REGION; and that the 05/28/2004 allowance of the additional conditions of LUMBAR DISC DISPLACEMENT L4-5, LUMBOSACRAL NEURITIS constitute new and changed circumstances. The Staff Hearing Officer finds no legal or evidentiary basis for attributing maximum medical improvement to these newly-allowed conditions.
The Staff Hearing Officer notes there is no medical evidence or opinion contrary to the 07/09/2004 (C-9) and 07/23/2004 (C-84) reports of Dr. Soloman [sic] attributing both the need for treatment and of temporary total disability to the newly allowed conditions.
Accordingly temporary total disability is awarded from 06/17/2003 through 07/23/2004, and to continue upon submission of medical evidence, and 8 physical therapy treatments are authorized.
 {¶ 21} 15. Relator's appeal was refused by order of the commission mailed December 3, 2004.
 {¶ 22} 16. Thereafter, relator filed the instant mandamus action in this court.
 {¶ 23} Conclusions of Law:
 {¶ 24} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 25} In the present case, relator contends that the commission abused its discretion by finding that claimant was entitled to a new period of TTD compensation following the prior termination of that compensation based upon a finding that claimant had reached MMI. Relator contends that there was no evidence in the record to establish that Dr. Solomon's June 17, 2003 opinion that claimant had reached MMI only applied to the originally allowed condition of right lumbar sprain with radiculopathy. Relator contends that inasmuch as claimant had surgery for the herniated disc, Dr. Solomon had been treating her for all the conditions which were eventually allowed in her claim, not solely the right lumbar sprain with radiculopathy, and that his opinion that that she had reached MMI applied to all
the conditions ultimately allowed in her claim. As such, relator contends that the commission abused its discretion by assuming
that Dr. Solomon's June 17, 2003 opinion applied only to the originally allowed condition.
 {¶ 26} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation is payable to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached maximum medical improvement. R.C.4123.56(A).
 {¶ 27} As stated previously, the self-insuring employer, relator herein, originally certified claimant's claim for right lumbar sprain with radiculopathy. When Dr. Solomon submitted his original C-84s, he listed as the allowed condition the lumbar radiculopathy. Claimant did have surgeries relative to the herniated disc L4-5 in January 2002. In May 2003, claimant was examined by Dr. Solomon and he indicated that she continues to have pain in her lower back moving down her right lower limb. At that time, Dr. Solomon indicated that claimant continued to be symptomatic from a right L5 radiculopathy and noted that claimant requested that he not indicate that she had reached MMI until she considered other treatment options. Once claimant concluded that she was not going to have further surgical intervention, Dr. Solomon indicated that she had reached MMI. In his June 17, 2003 letter indicating that claimant had reached MMI, Dr. Solomon had only been listing the original allowed condition and noted that she was there for a follow up of her low back and lower extremity pain. Based upon his report, the commission found that claimant had reached MMI and terminated her TTD compensation.
 {¶ 28} The DHO concluded that since Dr. Solomon had been treating claimant not only for the originally allowed condition but also for those conditions which were ultimately allowed later, his June 17, 2003 opinion that she had reached MMI applied to all of her allowed conditions. Upon de novo review, the SHO disagreed finding that the newly allowed conditions constituted "new and changed circumstances" and that there was no legal or evidentiary basis to attribute the prior finding of MMI to the newly allowed conditions.
 {¶ 29} It is undisputed that, in spite of the finding of MMI, a claimant can again be found to be temporarily and totally disabled if there are new and changed circumstances or if the condition has flared up and if claimant is again disabled as a result. Relator essentially argues that the DHO reached the correct decision while the SHO did not.
 {¶ 30} The present case presents a unique challenge in large part because the originally allowed conditions and the subsequently allowed conditions are so similar and have symptoms in common. It becomes a matter of interpretation of the evidence.
 {¶ 31} When doctors are requested to give medical opinions, it is understood that they are to give those opinions relative only to the allowed conditions in the claim. There is nothing in Dr. Solomon's June 17, 2003 letter finding that claimant had reached MMI which would indicate that he was referring to any conditions other than those which the commission and relator had specifically already allowed. However, when Dr. Solomon certified a new period of TTD compensation, he listed the previously allowed conditions as well as "back pain." Both the objective and subjective findings noted could be experienced by a patient suffering from any of the allowed conditions. While the magistrate finds that there is no evidence that Dr. Solomon's June 17, 2003 opinion that claimant had reached MMI referred to anything other than the originally allowed condition, the magistrate also finds that Dr. Solomon's subsequent C-9 and C-84 do not constitute "some evidence" that claimant is currently disabled due to the newly allowed conditions. While other evidence in the record may constitute "some evidence" that claimant is currently disabled due to the newly allowed conditions, the commission did not specifically rely on any evidence other than the C-9 and C-84. Inasmuch as the commission speaks through its orders, this magistrate will not search the record to support the commission's ultimate determination.
 {¶ 32} Based on the foregoing, it is the magistrate's decision that relator has demonstrated that the commission abused its discretion and a writ of mandamus should be granted ordering the commission to vacate its order granting claimant a new period of TTD compensation.