DECISION
{¶ 1} In this original action, relator, FeeCorp Industrial Services, Inc., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting respondent, Curtis A. Buechner, temporary total disability ("TTD") compensation. The commission granted TTD for the period beginning April 6, 2005 through July 5, 2005, to continue with sufficient medical proof. Relator seeks a new order denying TTD benefits entirely or, in the alternative, a limited writ remanding the issue to the commission for a new hearing. For the reasons that follow, we deny relator's requested writ of mandamus.
 {¶ 2} On March 1, 2005, Buechner sustained a work-related injury when he fell off a ladder and struck his head on a steel beam. Buechner suffered a head wound, which resulted in a bloody scalp, ringing in his right ear and neck pain. The commission allowed a claim for "head injury (laceration of scalp) and sprain of neck."
 {¶ 3} On March 10, 2005, Buechner went to Our Lady of Bellefonte Hospital, where Dr. Bryan Fuller examined him and ordered a CT exam. The exam results were negative and "bone windows show[ed] no fracture." Dr. Eugene DeGiorgio also examined Buechner for cervical sprain. Buechner was diagnosed with a head injury and neck strain, told to take Aleve for pain, and was referred to a workers' compensation doctor. The doctors released Buechner to non-physical work only, a restriction that was to remain in effect until re-evaluation. Buechner returned to work, but not to his normal position, for approximately three to six days over the next two weeks.[1]
 {¶ 4} On March 20, 2005, Buechner engaged in a fist fight with another man. Buechner suffered a bloody nose, a scalp laceration, and a fractured jaw. He returned to the urgent care at Our Lady of Bellefonte Hospital on April 2, 2005, where five staples were removed from the healing scalp laceration. Apparently, Buechner did not return to work until August 5, 2005.
 {¶ 5} On April 6, 2005, Brent Zerkle, D.C., examined Buechner and noted that his primary complaint was for pain in his neck and upper back, characterized as a "frequent dull achy burning pain" which was getting worse. In his report, Dr. Zerkle noted that the "history of present illness" was the March 1, 2005 industrial injury. Dr. Zerkle diagnosed Buechner as suffering cervical/thoracic sprain/strain with a possible concussion. There is no mention of Buechner's brief return to work or of the March 20 altercation anywhere in Dr. Zerkle's report.
 {¶ 6} Following the examination, on April 11, 2005, Dr. Zerkle prepared a C-84 form for TTD compensation on Buechner's behalf. On the C-84 form, Dr. Zerkle indicated March 1, 2005 in the "last [day] worked due to current period of work related disability" field and listed "restricted [range of motion], muscle spasm" as the objective, and "neck/upper back pain" as the subjective, clinical findings supporting his recommendation. Dr. Zerkle certified TTD from April 6, 2005 to May 6, 2005. A second C-84, dated June 6, 2005, certified TTD from June 6, 2005 through July 6, 2005, based on the same medical findings.
 {¶ 7} Buechner's request for TTD compensation was heard by a district hearing officer ("DHO") on May 3, 2005. Based on the March 10 and April 2, 2005 reports from the Our Lady Bellefonte Hospital Urgent Care, Dr. Zerkle's April 6, 2005 report, and Buechner's own testimony, the DHO granted TTD compensation from April 6, 2005 until the hearing date, to continue upon submission of appropriate medical proof. She further stated that TTD compensation from March 2, 2005 through April 5, 2005, would be considered upon submission of further medical proof.
 {¶ 8} Relator filed an appeal of the DHO's order, and the matter was submitted to a staff hearing officer ("SHO") on July 7, 2005. On July 9, 2005, the SHO issued an order affirming the previous DHO's order. The SHO granted TTD compensation from April 6, 2005 through July 5, 2005, to continue upon submission of supporting medical proof. However, TTD compensation prior to April 6, 2005 was denied based on insufficient supporting medical evidence. The SHO stated that he based his decision on the March 10 and April 2, 2005 urgent care reports, Dr. Zerkle's April 6, 2005 report, and Buechner's testimony at hearing.
 {¶ 9} Both relator and Buechner appealed the SHO's order. Relator filed an appeal on July 20, 2005, asserting that the SHO abused its discretion in granting TTD compensation when there was "[n]o evidence that allowed conditions were independently disabling in light of evidence of subsequent more serious injuries to the same parts of the body." Five days later, Buechner filed his own appeal of the SHO's order, contending that TTD compensation "should be paid from March 10, 2005 forward, less the two days he worked." The commission issued an order refusing relator's appeal on July 27, 2005. The record presented to this court contains no indication of further action regarding Buechner's appeal.
 {¶ 10} On August 22, 2005, relator filed this mandamus action, seeking to have the commission's order vacated and an amended order denying all TTD compensation issued. Relator asserted that a review of the record indicates that the commission lacked any credible evidence upon which to rely in support of its decision granting TTD compensation. As it had before the SHO, relator argued that the April 2, 2005 urgent care report revealed that Buechner suffered a second more serious injury during the March 20, 2005 fight. Furthermore, relator objected to the lack of any mention of the fight and Buechner's concomitant injuries, occurring after the original industrial accident, in Dr. Zerkle's examination and April 6, 2005 report.
 {¶ 11} In essence, relator contested the order because Dr. Zerkle's report makes it "impossible to determine whether [he] relied upon a non-allowed condition in his determination that claimant qualified for TTD." Indeed, relator contends that Dr. Zerkle's report shows that his decision was based, in part, on non-allowed conditions, which specifically may not be considered in opining whether a claimant is entitled to TTD compensation. Thus, according to relator's logic, Dr. Zerkle's report should have been disqualified from consideration, which leaves the commission's order unsupported by credible evidence.
 {¶ 12} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, relator's request for mandamus was referred to a magistrate. On February 21, 2006, the magistrate issued her decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate noted that, while the certification of disability may not be based on non-allowed conditions, the certifying doctor need not separately list the allowed and non-allowed conditions. The doctor is merely required to base his opinion as to any disability upon the allowed conditions only. Thus, the commingled mention of both allowed and non-allowed conditions in Dr. Zerkle's report does not render that report unreliable or otherwise subject to disqualification, especially since the doctor clearly lists only the allowed conditions as the cause of the claimant's disability.
 {¶ 13} The magistrate further noted that the report is not faulty merely because the March 20, 2005 fight is not mentioned. It is not the province of this court, or a magistrate of this court, to reweigh the evidence presented, or absence of evidence, or to re-evaluate its meaning. That is a role left exclusively to the commission. The magistrate reached a similar conclusion regarding the indication within Dr. Zerkle's report that March 1, 2005 was the last day Buechner worked.
 {¶ 14} The magistrate concluded that relator sought to have the evidence re-evaluated and reweighed to reach a more favorable conclusion. The role of the court in mandamus is to determine whether the commission cited "some evidence" upon which it relied to support its ultimate decision. Thus, having concluded that the urgent care and doctor's reports properly constituted "some evidence" upon which the commission relied, the magistrate recommended that relator's writ of mandamus should be denied.
 {¶ 15} Relator objects to the magistrate's decision, submitting that she erred in finding the doctor's reports constituted some evidence upon which the commission could rely. However, rather than raising a new argument or shedding light on a new angle, relator merely repeats the same arguments, based on the same evidence, previously submitted to and considered by the magistrate. The magistrate competently addressed the issue raised by relator's objections, and we decline further review.
 {¶ 16} The commission found sufficient evidence within the reports submitted to determine that Buechner's allowed claims were independently disabling and granted TTD compensation. The reports relied upon by the commission to reach that conclusion do qualify as the "some evidence" required for the decision to be upheld. While we may not have reached the same conclusion, we are constrained from supplanting the commission's decision with our own.
 {¶ 17} Accordingly, following an independent review, pursuant to Civ.R. 53, we find that the magistrate properly determined the pertinent facts and applied the appropriate law. Relator's objection is overruled. We adopt the magistrate's decision as our own, and the requested writ of mandamus is denied.
Objection overruled; writ of mandamus denied.
Klatt, P.J., and Brown, J., concur.
 (APPENDIX A) IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. FeeCorp Industrial : Services, Inc., :
Relator, :
v. : No. 05AP-875
Industrial Commission of Ohio : and Curtis A. Buechner, :
Respondents. :
 MAGISTRATE'S DECISION Rendered on February 21, 2006 Perez Morris LLC, Troy B. Morris and Paul H. Tonks, for relator.
Jim Petro, Attorney General, and Sue A. Zollinger, for respondent Industrial Commission of Ohio.
Ward, Kaps, Bainbridge, Maurer Melvin, LLC, and Andrew J.Bainbridge, for respondent Curtis A. Buechner.
 IN MANDAMUS {¶ 18} Relator, FeeCorp Industrial Services, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted temporary total disability ("TTD") compensation to respondent Curtis A. Buechner ("claimant") from April 6 through July 5, 2005 and continuing, and order the commission to find that relator is not entitled to any TTD compensation in this case.
Findings of Fact:
 {¶ 19} 1. Claimant sustained a work-related injury on March 1, 2005. At that time, he fell off a ladder and struck his head on a steel beam. His claim has been allowed for "head injury; sprain of neck."
 {¶ 20} 2. On March 10, 2005, claimant was examined by Bryan Fuller, M.D., at Our Lady Of Bellefonte Hospital. Dr. Fuller ordered a CT exam for claimant's head injury. The CT of claimant's head was "NEGATIVE CT HEAD" and "BONE WINDOWS SHOW NO FRACTURE."
 {¶ 21} 3. On that same date, Eugene DeGiorgio, M.D., examined claimant for cervical sprain and found "[m]ild cervical thoracic scoliosis. Loss of the cervical lordosis which could be positional or due to spasm. No fracture or acute process is seen."
 {¶ 22} 4. Ultimately, claimant was diagnosed as having a neck strain/head injury, was given a prescription for Aleve OTC, and was returned to work with the restriction that he perform non-physical work only. Claimant was referred to a workers' compensation doctor and it was noted that the restrictions would remain in effect until claimant was re-evaluated.
 {¶ 23} 5. Claimant returned to work and worked some between March 1 through March 20, 2005. According to the evidence, claimant performed some work for relator as follows:
For the week ending March 5, 2005 — three days;
For the week ending March 12, 2005 — one day;
For the week ending March 19, 2005 — two days.
 {¶ 24} 6. On March 20, 2005, claimant was involved in a fist fight which resulted in claimant receiving a bloody nose, a laceration on the posterior portion of his head, and a fractured jaw. Claimant did not work from March 21 through August 5, 2005.
 {¶ 25} 7. Relator was examined by Brent Zerkle, D.C., on April 6, 2005. Dr. Zerkle noted claimant's chief complaint was for pain in his neck and upper back and noted that the history of claimant's complaint was from March 1, 2005, when he fell off a ladder and hit his head. Dr. Zerkle noted that claimant indicated his pain was a frequent dull achy burning pain that is getting worse. Dr. Zerkle diagnosed claimant with a cervical/thoracic sprain/strain and noted a possible concussion. Claimant visited Dr. Zerkle for therapy 19 times between April 6 through June 17, 2005. Nowhere in Dr. Zerkl's notes does he mention the March 20, 2005 fight and any injuries resulting therefrom.
 {¶ 26} 8. On April 11, 2005, Dr. Zerkle filled out a C-84 form certifying relator as being temporarily and totally disabled due to the allowed conditions in the claim from April 6, 2005 through May 6, 2005, and from June 6 through July 6, 2005.
 {¶ 27} 9. Relator's motion requesting TTD compensation was heard before a district hearing officer ("DHO") on May 3, 2005. The DHO noted as follows regarding claimant's injury and a period of TTD compensation as follows:
The allowance of the claim is based on the records from Our Lady Bellefonte Hospital Urgent Care dated 03/10/2005 and 04/02/2005, the 04/06/2005 report of Dr. Zerkle and claimant's testimony regarding the injury and that there were several witnesses to the accident. Claimant stated that his crew leader, Chris Keller, Scott Harding and two other co-workers all witnessed the injury and then Chris Keller sent the claimant to his immediate supervisor to report the accident. Claimant's supervisor, Carl, hold him to take a break for several hours as his head was bleeding from the cut and he was a little dizzy. The claimant also stated that he was not told to get any medical treatment at that time but then went to Urgent Care on 03/04/2005 but was sent away by Urgent Care because he did not have the appropriate workers' compensation form, a FROI-1 application. Claimant stated he then obtained the appropriate form from his employer and went back to the Urgent Care on 03/10/2005. The claimant denied any other injuries to his head during that time.
Temporary total compensation shall be paid from 04/06/2005 to today's date and shall continue to be paid upon sub-mission of appropriate medical proof.
The award of compensation is based on the C-84 and 04/06/2005 report from Dr. Zerkle.
Temporary total compensation from 03/02/2005 through 04/05/2005 shall be considered by the BWC upon sub-mission of appropriate medical proof.
All related medical bills shall be paid in accordance with BWC/IC rules and regulations.
All evidence was reviewed and considered.
 {¶ 28} 10. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on July 7, 2005. The SHO affirmed the prior DHO order and granted TTD compensation as follows:
Temporary total compensation is awarded from 04/06/2005 through 07/05/2005, and to continue with supporting medical proof, based on the C-84 reports on file from Dr. Zerkle. Temporary total compensation prior to 04/06/2005 is denied based on insufficient supporting medical evidence. The 03/10/2005 Urgent Care report does not provide a specific period of work restrictions.
Decision is based on Urgent Care reports on file, dated 03/10/2005 and 04/02/2005, the 04/06/2005 report of Dr. Zerkle, and the injured worker's testimony at hearing.
 {¶ 29} 11. Relator's further appeal was refused by order of the commission mailed July 27, 2005.
 {¶ 30} 12. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 31} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. Stateex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewisv. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 32} In this mandamus action, relator contends that the commission abused its discretion by granting claimant TTD compensation on the grounds that claimant failed to meet his burden of proving that the allowed conditions caused by the industrial injury rendered him temporarily and totally disabled and that his requested period of disability was not due to the injuries he sustained in the fight in which he was involved on March 20, 2005. Relator asserts that, inasmuch as it is impossible to determine whether Dr. Zerkle relied, in part, upon a nonallowed condition, Dr. Zerkle's report cannot constitute some evidence upon which the commission could rely. Further, relator notes that Dr. Zerkle's records indicate that claimant was disabled, at least in part, based upon nonallowed conditions involving pain in claimant's upper back, upper trap region, and upper rotator cuff muscle region into the right deltoid. For the reasons that follow, this magistrate disagrees.
 {¶ 33} In this mandamus action, relator argues that the reports of Dr. Zerkle cannot constitute some evidence upon which the commission could rely because Dr. Zerkle did not mention the fight which claimant got into after he sustained his industrial injury. Relator contends that this failure on the part of Dr. Zerkle leads to the conclusion that he was unaware that claimant had sustained injuries in a fight and that Dr. Zerkle based his decision certifying a period of TTD compensation not only on the allowed conditions resulting from the industrial injury but also upon the nonallowed conditions which claimant sustained in the fight. Specifically, at page 7 of relator's brief, relator asserts the following: "Medical evidence of a subsequent more serious injury to the same body part as the allowed injury requires a doctor to differentiate between the allowed conditions and the non-allowed conditions in order to grant TTD."
 {¶ 34} In certifying a period of TTD compensation, a doctor is required to state that the allowed conditions caused by the industrial injury are the conditions which have rendered the claimant temporarily and totally disabled. While it is true that the certified period of disability cannot be based, even in part, on nonallowed conditions, the doctor is not required to separate out allowed and nonallowed conditions. Instead, the doctor is simply required to confine his or her opinion to any disability arising from the allowed conditions alone.
 {¶ 35} Upon review of the record, this magistrate cannot conclude that the commission abused its discretion by relying upon the C-84s and treatment records of Dr. Zerkle simply because Dr. Zerkle did not talk about the fight. It appears that relator is actually asking this court to reevaluate and reweigh the evidence and determine that Dr. Zerkle's failure to discuss the fight proves that Dr. Zerkle considered injuries resulting from the fight in rendering his opinion. That is not the province of this court in mandamus. In the present case, claimant was under restrictions due solely to the allowed conditions in the claim and had never returned to his former position of employment prior to the fight he was involved in.
 {¶ 36} Relator also asserts that Dr. Zerkle based his opinion, in part, on nonallowed injuries involving claimant's back. While Dr. Zerkle does mention that claimant has some pain in his upper back, he clearly lists only the allowed conditions as the cause of claimant's period of disability.
 {¶ 37} Relator also contends that, because Dr. Zerkle indicated that relator last worked on March 1 instead of noting that relator worked some beyond that date, his reports should be removed from evidentiary consideration. Again, this magistrate disagrees. In certifying a period of TTD compensation, Dr. Zerkle did not certify a period of temporary disability prior to April 6, 2005. As such, the magistrate finds that this misstatement in Dr. Zerkle's records does not require that his reports be removed from the evidence. Obviously, if Dr. Zerkle had certified a period of temporary disability beginning March 2, 2005, during a period when relator was working, then Dr. Zerkle's medical opinion that claimant was temporarily disabled due to the allowed conditions in the claim would indeed be suspect. However, that is not what happened in the present case. And, as stated previously, after the March 1, 2005 industrial injury, claimant was placed on restrictions which precluded him from returning to his former position of employment. As such, the fact that claimant performed some limited duty work after that date of injury is not determinative.
 {¶ 38} This magistrate finds that relator's mandamus action essentially asks this court to re-evaluate and reweigh the evidence in the present case; however, that is not the responsibility of this court in mandamus. Instead, this court determins whether the commission cited "some evidence" upon which it relied and provided an adequate explanation for its decision. Finding the reports and C-84s of Dr. Zerkle to constitute "some evidence" upon which the commission relied in finding the commission's explanation to be adequate, the magistrate concludes that relator's request for a writ of mandamus should be denied.
[1] It is not clear whether evidence indicating relator worked three days in the week ending March 5, one day in the week ending March 12, and two days in the week ending March 19, 2005, was actually before the SHO who issued the decision now at issue.