DECISION
 IN MANDAMUS ON OBJECTIONS TO MAGISTRATE'S DECISION {¶ 1} This original action in mandamus was brought by relator seeking a writ ordering respondent Industrial Commission of Ohio to vacate its order granting *Page 2 
respondent Kevin L. Sims temporary total disability benefits and to issue an order denying respondent Sims' request in its entirety.
 {¶ 2} This matter was, pursuant to Civ.R. 53, referred to a magistrate of this court who has rendered a decision finding that the request for a writ of mandamus should be denied. (Attached as Appendix A.) Relator National Can has filed objections to the magistrate's decision as follows:
 A. A WRIT OF MANDAMUS IS APPROPRIATE IN THIS MATTER BECAUSE THE COMMISSION'S DECISION IS NOT SUPPORTED BY SOME EVIDENCE THAT RESPONDENT KEVIN L. SIMS WAS TEMPORARILY AND TOTALLY DISABLED AS A RESULT OF DEPRESSIVE DISORDER.
 B. THE MAGISTRATE'S DECISION, FINDING THAT THE COURT SHOULD NOT ISSUE A WRIT OF MANDAMUS, IS CONTRARY TO OHIO LAW AND IS WHOLLY UNSUPPORTED BY THE FACTUAL RECORD IN THIS MATTER.
 {¶ 3} After a review of the briefs filed by the parties, the magistrate's decision, the evidence presented before the magistrate, and the applicable law of this court, for the following reasons, this court determines that the magistrate correctly found the relevant facts and applied the applicable law thereto.
 {¶ 4} As relator points out in its brief, mandamus will not issue unless relator (1) has a clear legal right to the requested writ, (2) respondents have a clear legal duty to perform the requested act, and (3) relator has no plain and adequate remedy at law. However, contrary to relator's contention, there was some evidence to support the commission's order. Basically, relator contends that there is no C-84 report of Dr. Chatterjee dated "08/03 C-84" upon which the respondent commission indicated it relied. *Page 3 
In rejecting this contention of relator the commission indicated that the reference to "8/03 C84" report of Dr. Chatterjee was referring to the August 2003 C-84 of Dr. Chatterjee. In that C-84, Dr. Chatterjee certified a period of temporary total disability beginning January 15, 2002.
 {¶ 5} Relator also contends that the August 2003 C-84 is contradicted by the doctor's office notes. Although relator previously had much higher BDI-II test scores, in August 2003 he had a score of eight which is within normal limits. The doctor also noted that "I need to see a sustained stable mood over the winter to consider Kevin `out of the woods.' "There is no inconsistency since the doctor indicated that there needs to be a stable mood over a period of time to consider the patient to have returned to a normal mood.
 {¶ 6} Accordingly, the objections to the magistrate's decision are overruled, the magistrate's decision is adopted as that of this court, and the requested writ of mandamus is denied.
Objections overruled; writ denied.
PETREE and KLATT, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 4 
 APPENDIX A MAGISTRATE'SDECISION IN MANDAMUS {¶ 7} Relator, American National Can Company, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted temporary total *Page 5 
disability ("TTD") compensation to respondent Kevin L. Sims ("claimant") and ordering the commission to find that claimant is not entitled to that compensation.
Findings of Fact: {¶ 8} 1. Claimant sustained a work-related injury on November 22, 1998, and his claim was initially allowed for the following conditions: "cervical strain, aggravation of pseudo/arthrosis at C5-6 with symthes plate fracture."
 {¶ 9} 2. Subsequently, claimant's claim was additionally allowed for "C3-4 and C4-5 disc herniation."
 {¶ 10} 3. Claimant began receiving TTD compensation for the above physical conditions. On December 20, 2001, the employer, relator herein, moved to terminate claimant's TTD compensation on grounds that relator's physical conditions had reached maximum medical improvement ("MMI").
 {¶ 11} 4. Before relator's motion to terminate TTD compensation was heard, claimant was referred to Marian Chatterjee, Ph.D., a psychologist. Dr. Chatterjee saw claimant on January 15, 2002, and concluded that claimant's claim should be additionally allowed for a psychological condition as follows:
 * * * Mr. Sims meets diagnostic criteria for depressive disorder, not otherwise specified, (DSM-IV: 311), a disorder that results directly and proximately from his injury on 11-22-98. He has frequent tearfulness, irritability, and difficulty coping with pain and limitations. There are no other events or stressors in his life that could have given rise to these emotional symptoms. Treatment recommendations include a four to six month trial of weekly counseling and a psychiatric evaluation for an antidepressant. *Page 6 
 {¶ 12} 5. On May 14, 2002, claimant filed a motion requesting that his claim be additionally allowed for depressive disorder based upon the January 15, 2002 report of Dr. Chatterjee.
 {¶ 13} 6. Relator's motion seeking to terminate claimant's TTD compensation on grounds that his physical conditions had reached MMI was heard before a district hearing officer ("DHO") on May 15, 2002. The DHO granted relator's motion and claimant's TTD compensation was terminated.
 {¶ 14} 7. On August 12, 2002, claimant was examined by psychologist Robert G. Kaplan, Ph.D. In his September 12, 2002 report, Dr. Kaplan concluded that claimant had developed a "Major Depressive Disorder, Single Episode, Mild Severity due to the industrial injury of [November 22, 1998]." Dr. Kaplan stated further, however, that this psychological condition did not prevent claimant from engaging in any sustained remunerative employment and did not render him temporarily and totally disabled.
 {¶ 15} 8. Following a September 17, 2002 hearing, a DHO issued an order stating:
 It is the order of the District Hearing Officer that the C-86 Motion filed by Injured Worker on 05/14/2002 is moot as the self-insured employer has certified this claim for "DEPRESSIVE DISORDER" based upon Dr. Kaplan's 09/12/2002 report.
(Emphasis sic.)
 {¶ 16} 9. Thereafter, in a C-86 dated November 9, 2002, Dr. Chatterjee certified a period of temporary total disability beginning January 15, 2002 with an estimated return-to-work date of February 9, 2003. Dr. Chatterjee listed "depressive disorder" as the allowed condition being treated which prevented claimant from returning to work and *Page 7 
indicated that the last examination or treatment occurred on November 9, 2002. Dr. Chatterjee also completed additional C-84s extending claimant's period of temporary total disability beyond February 9, 2003.
 {¶ 17} 10. On November 25, 2002, claimant filed a motion requesting TTD compensation based upon the allowed psychological condition beginning May 15, 2002, based upon the November 9, 2002 C-84 of Dr. Chatterjee.
 {¶ 18} 11. Dr. Chatterjee continued to treat claimant on a regular basis. In November 2002, Dr. Chatterjee indicated that claimant's symptoms were currently too severe for him to return to work or to pursue rehabilitation. In her office note dated August 8, 2003, Dr. Chatterjee wrote the following:
 * * * Scored an 8 on the BDI-II-within normal limits!! Last November he scored 25, Jan[uary] 2002 was 31. I need to see a sustained stable mood over the winter to consider Kevin "out of the woods." Kevin states his pain (and temper) are better in the summer.
 {¶ 19} 12. Claimant's motion requesting TTD compensation was heard before a DHO on January 30, 2004, and resulted in an order granting claimant TTD compensation from May 12, 2002, based upon the C-84s completed by Dr. Chatterjee.
 {¶ 20} 13. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on March 4, 2004. The SHO vacated the prior DHO order and denied claimant TTD compensation for the following reasons:
 Temporary total disability compensation from 05/15/2002 to date is denied based on the 09/12/2002 report of Dr. Kaplan wherein he opines that, the claimant was not disabled as a result of his depression but, his inability to work is attributable to his physical pain. Staff Hearing Officer further notes that, Dr. Chatterjee does not begin to treat the claimant until 01/07/2003 and the depressive disorder, when tested on *Page 8 
08/08/2003 is found to be, by Dr. Chatterjee "within normal limits."
 {¶ 21} 14. Claimant appealed and, by order mailed April 6, 2004, another SHO issued an order refusing claimant's administrative appeal.
 {¶ 22} 15. On April 14, 2004, claimant filed a mandamus action in this court.
 {¶ 23} 16. By decision rendered August 2, 2005, this court adopted the decision of its magistrate and granted claimant's request for a writ of mandamus. Although the magistrate determined that Dr. Kaplan's August 12, 2002 opinion constituted some evidence for the denial of TTD compensation, the magistrate found that the SHO's explanation for why she was rejecting Dr. Chatterjee's certification was seriously flawed and constituted an abuse of discretion. Specifically, the SHO had indicated that Dr. Chatterjee did not begin to treat claimant until January 7, 2003 when, in fact, Dr. Chatterjee had first examined claimant on January 15, 2002, and began treating him on November 9, 2002. This court agreed that this created an ambiguity in the order strongly suggesting that the SHO erroneously believed that Dr. Chatterjee was not legally competent to certify a period of temporary total disability until January 7, 2003. Furthermore, the SHO had indicated that Dr. Chatterjee's statement that claimant's testing was within normal limits was not a valid reason to reject Dr. Chatterjee's certification. This court determined that the August 8, 2003 office note was not time relevant to claimant's request for TTD compensation and, further, the SHO seemed to have taken the quoted language out of context to reach a conclusion as to disability. *Page 9 
 {¶ 24} 17. Pursuant to this court's issuance of the writ of mandamus, a hearing was held before an SHO on December 20, 2005. The SHO modified the earlier January 30, 2004 order and granted the payment of TTD compensation as follows:
 * * * The C-86, filed 11/25/2002, is granted to the extent that temporary total compensation is ordered paid for the period of 05/15/2002 through 02/09/2003. This finding is based on the office notes, 8/03 C-84 and 01/15/2002 report of Dr. Marian Chatterjee. Further temporary total compensation is to be paid upon submission of proof of temporary disability causally related to the allowed depressive disorder. All proof on file was reviewed and considered.
 {¶ 25} 18. The employer's appeal was refused by order of the commission mailed January 19, 2006.
 {¶ 26} 19. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 27} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be *Page 10 
given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 28} In this mandamus action, relator contends that the commission abused its discretion by issuing an order which is not supported by any evidence. First, relator argues that the commission's order indicates that it relied upon the "8/03 C-84" of Dr. Chatterjee. Relator argues that there is no C-84 in the record dated August 3.
 {¶ 29} Based upon a review of the record, the magistrate agrees with the commission's argument that by identifying the "8/03 C-84" of Dr. Chatterjee, the commission was referring to the August 2003 C-84 of Dr. Chatterjee. In that C-84, Dr. Chatterjee certified a period of temporary total disability beginning January 15, 2002. As such, this portion of relator's argument fails.
 {¶ 30} Next, relator contends that Dr. Chatterjee's C-84 is in direct contradiction of her August 8, 2003 office notes upon which the commission also relied. As such, relator argues that this court must eliminate the C-84 from evidentiary consideration.
 {¶ 31} Upon review of Dr. Chatterjee's August 8, 2003 office note, the magistrate concludes that it is not in direct conflict with her C-84 of the same date. As noted in the findings of fact, Dr. Chatterjee had administered a test to assess claimant's depression at different points in time during her treatment of claimant. In her August 8, 2003 office note, Dr. Chatterjee noted that in January 2002, claimant had scored a 31 on the BDI-II test. In November 2002, claimant had scored a 25. When she re-administered the test in August 2003, Dr. Chatterjee noted that claimant scored an eight. It is understood from her office note that claimant's score of an eight in August 2003 was within normal limits. However, Dr. Chatterjee specifically qualified this finding by stating that: "I need to see a sustained *Page 11 
stable mood over the winter to consider Kevin `out of the woods.' "Contrary to relator's assertion, Dr. Chatterjee was not opining that claimant's allowed psychological condition had reached MMI. Instead, she was noting that he had scored significantly better in August 2003 than he had in January and November 2002, but that she needed to see this type of result over a sustained period of time before she would be of the opinion that claimant had reached MMI. As such, the magistrate does not find Dr. Chatterjee's office note and her C-84 to be in direct conflict with each other and this argument of relator fails as well.
 {¶ 32} Relator further argues that the January 15, 2004 report of Dr. Chatterjee does not constitute some evidence upon which to award claimant TTD compensation because Dr. Chatterjee did not explicitly opine in that report that claimant was temporarily and totally disabled because of the depressive disorder. In rejecting this argument, the magistrate first notes that, in January 2002, when Dr. Chatterjee first examined claimant, he was still receiving TTD compensation for his allowed physical condition. Dr. Chatterjee's examination was to determine whether or not claimant was currently suffering from a psychological condition as a direct result of his work-related injury. She was not asked to render an opinion regarding whether or not this psychological condition rendered claimant temporarily totally disabled. When considered in conjunction with her office notes and her later C-84s, it is apparent that, when asked, Dr. Chatterjee specifically opined that claimant had been temporarily and totally disabled in January 2002 when she had first examined him. The fact that she did not mention that he was temporarily and totally disabled in this January 2002 report is not a reason to remove it from evidence, especially when there was no question of current disability before her. *Page 12 
 {¶ 33} When considering all of the records identified by the commission in support of its order granting claimant TTD compensation, the magistrate specifically finds that there is some evidence in the record upon which the commission relied to grant claimant TTD compensation. As such, relator's request for a writ of mandamus should be denied.
s/ Stephanie Bisca Brooks
 STEPHANIE BISCA BROOKS, MAGISTRATE {PRIVATE} *Page 1